STRONG *et al. v.* COWSEN.

(In Banc. Nov. 27, 1944. Suggestion of Error Overruled Dec. 11, 1944.)

[19 So. (2d) 813. No. 35702.]

**W. P. Stribling**, of Columbus, and **McFarland & Holmes**, of Aberdeen, for appellants.

Thomas **J. Tubb**, of West Point, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was brought by the appellants Sallie Strong and Catherine Smith to cancel as a cloud upon their title a deed of conveyance executed by them in favor of the appellee Lettie Cowsen on February 14, 1942, which was

executed as a deed of partition by agreement of the parties and under the mistaken belief that the grantors and the grantee were the owners as tenants in common of the lands described in the conveyance and other lands owned by one Silas Melton at the time of his death during the year 1938. From a final decree denying the relief prayed for, this appeal is prosecuted.

The appellants are the sole heirs at law of Walter Melton, a son and sole surviving heir at law of Silas Melton and Milly Ann Melton, deceased, who were lawfully married in Clay County on February 1st, 1877. The appellee is the sole surviving heir at law of Nelson Melton, deceased, an illegitimate son of the said Silas Melton and Rachel Griffin, who were ceremoniously married on October 29, 1903, subsequent to the birth of the said Nelson Melton, but at a time when the said Rachel Griffin was the lawful wife of Logan Griffin, and from whom she had not been divorced.

The ceremonial marriage between Silas Melton and the said Rachel Griffin occurred after there had been an attempt on the part of Milly Ann Melton to obtain a divorce from Silas, but as to the validity of which proceeding and decree rendered therein it is unnecessary to inquire under the facts of this case, for the reason that in any event there was such an impediment to a lawful marriage between the said Silas Melton and Rachel Griffin, so far as the latter was concerned, as to preclude her son Nelson Melton from becoming the legal heir of Silas Melton, notwithstanding that he was also recognized and acknowledged to be his son, both before and subsequent to the attempted marriage between Silas and the mother Rachel Griffin.

At the time of the execution of the deed of conveyance here sought to be cancelled it was not known to either the grantors or the grantee whether or not Silas Melton and Milly Ann Melton, grandparents of the grantors, had ever been married, nor whether Rachel Griffin, the grandmother of the grantee in this deed, had been married to

Logan Griffin prior to her said marriage to Silas Melton. When the doubt thus arose as to whether or not the grantors in the deed were the sole heirs at law of the said Silas Melton, if his heirs at all, or as to whether or not they were joint heirs with the grantee, and also as to whether or not the grantee was the sole surviving heir of the said Silas Melton, a compromise and settlement was reached between these interested parties whereby deeds of conveyance were exchanged so as to partite the lands belonging to Silas Melton, deceased, at the time of his death, and whereby there was conveyed to the appellants two-thirds of said lands and to the appellee a one-third thereof, whereas the facts then assumed to be true, if established by proof, would have entitled the grantee to a one-half interest therein. It also appears that when the said compromise was assented to and consummated a lawsuit had been advised by attorneys representing a holder of an oil and gas lease in order to determine whether Walter Melton, father of the appellants, who had alone executed said lease in his own right, was the sole heir at law of Silas Melton, deceased, at the time of the execution of said lease, or whether on the other hand the appellee, if a lawful heir at all, was his sole surviving heir or merely a tenant in common with the appellants, the children and sole heirs of Walter Melton, deceased. It will therefore be readily seen that such contemplated litigation would have involved the legal presumption existing in favor of the validity of the said second marriage of Silas Melton, the necessity for the appellants to make the proof required to overcome such presumption, and the consideration of other facts not then known to the parties to the partition agreement.

Notwithstanding the general rule to the effect that when material facts assumed by both parties as the basis of a compromise entered into between them are subsequently ascertained to have had no existence, the contract is inoperative because of a mutual mistake of facts, as will be found stated in 11 Am. Jur., p. 279, 5 R. C. L., p. 899;

Hoy v. Hoy, 93 Miss. 732, 48 So. 903, 25 L. R. A. (N. S.) 182; Jackson v. Day, 193 Miss. 379, 9 So. (2d) 789, 136 Am. St. Rep. 548, 17 Ann. Cas. 1137; Alabama & V. Ry. Co. v. Jones, 73 Miss. 110, 19 So. 105, 55 Am. St. Rep. 488; and other authorities cited by the appellants, it is also true that family settlements are much favored by the courts. They will be permitted to stand in many instances, notwithstanding they are based on mistake of law or fact, provided there is absence of conduct otherwise inequitable. Pierce v. Garrett, 142 Miss. 641, 107 So. 885, citing Powell v. Plant (Miss.), 23 So. 399; Spencer v. Spencer, 115 Miss. 71, 75 So. 770. Also in 12 C. J., p. 322, it is said: ''Compromises having for their object the settlement of family difficulties or controversies are favored at law and in equity if at all reasonable. The termination of such controversies is considered a valid and sufficient consideration for the agreement, and the court will go further to sustain it than it would under ordinary circumstances. Accordingly, it has been laid down as a general rule that a family agreement entered into on the supposition of a right, or of a doubtful right, although it afterward turns out that the right was on the other side, is binding, and the right cannot prevail against the agreement of the parties. . . . Applications of the foregoing rules have frequently been made in the case of settlements as to the distribution of the property of a decedent.'' And at page 327, par.17, of this text, it is further stated: ''An agreement entered into in good faith, without fraud or deception, compromising doubtful or disputed claims to land is valid and binding, without regard to the real merits of the controversy, it being the policy of the courts to approve and uphold such agreements as tending to discourage controversies between neighbors and prevent litigation.'' See, also, 15 C. J. S., Compromise and Settlement, secs. 9, 11.

In the case at bar we are of the opinion that notwithstanding the sufficiency of the proof offered by the appellants upon the trial to overcome the presumption in

favor of the validity of the marriage of Silas Melton to Rachel Griffin, the effect of which was to successfully establish that the appellee was not a lawful heir of the said Silas Melton, there was something more than the mutual mistake of fact relied on herein that influenced the grantors in the execution of the deed here involved. They were likewise influenced by the desire to avoid the expense of litigation then thought to be necessary to determine the true facts, and by the uncertainties as to what the proof to be subsequently ascertained by an investigation and the litigation might disclose; and we think that therefore the compromise and settlement of the controversy was correctly upheld by the trial court and that the decree dismissing the bill of complaint should be affirmed.

Affirmed.