### JOSEPH S. M. LOWRY *v.* D. McMILLAN et al.

1. PROBATE COURT: JURISDICTION: EXECUTOR AND ADMINISTRATOR: DISTRIBUTION.—The Court of Probates has the power to determine who are the distributees of an estate, and to compel the administrator to deliver the assets in his hands, to the persons adjudged by the court to be entitled to the same by distribution; and hence, where an administrator, acting in good faith, under a valid order of the court, distributes the estate to the persons adjudged to be entitled thereto, he will be protected against the claim of a distributee pretermitted in the decree. *Aliter*, when the administrator undertakes for himself, to decide who are the distributees. See *Loring* v. *Steineman*, 1 Met. R. 204.

2. SAME: SAME.—A final settlement, made by an administrator, in good faith, upon due notice to such persons as are adjudged by the Court of Probates to be the only distributees of the estate ; and payment to them of assets in his hands; constitute a valid discharge to him ; and the Court of Probates has no jurisdiction thereafter to entertain a petition by a distributee who was pretermitted, to enforce distribution to him of his share of the estate.

APPEAL from the Court of Probates of Franklin county.   Hon. James M. Jones, judge.

At the December Term, A.D. 1856, of the court below, the appellant, Lowry, filed his petition against McMillan, the administrator, and also against the widow of Thaddeus J. Maxwell, deceased, praying for distribution of his estate.   The petition charged that the administrator had made a fraudulent, and pretended final settlement, upon notice to the widow alone, who was his daughter,

and had distributed to her the whole of the estate, although he well knew that the petitioner was one of the distributees of said Maxwell. The petitioner charges, that he had no notice, actual or constructive, of the final settlement, and insists that it is void as to him. The administrator and the widow both filed pleas to the jurisdiction of the court.

The administrator pleaded, that in June, A. D. 1854, he had made 'his final settlement, upon due notice given to the widow, who was adjudged by the court to be interested as a distributee in the estate; and had, in obedience to the order of the court, paid. over to her all the assets found to be in his hands, without any notice that any other person was interested; and he denied that he had any knowledge that the petitioner was a distributee of the estate, but stated that the petitioner had notice for more than two years previous to the final settlement, of the pendency of the administration; and that other persons claimed to be the heirs of Maxwell, and that the widow claimed the estate adversely to them, as well as all others, and that the petitioner failed to set up any claim to the estate, or to give any notice to the administrator that he was a distributee, but acquiesced in the claim of the widow. The administrator insisted that he was finally discharged, and that the court had no jurisdiction over him. He also filed an answer in support of his plea, denying the fraud charged in the petition. The widow's plea relied on the same facts, and insisted, that as the property had been distributed to her, the court had no jurisdiction to compel her to return it.

Upon argument, the pleas were adjudged sufficient, and afterwards the court dismissed the petition, for want of jurisdiction, and the petitioner appealed.

*Graham* and *Lee*, for appellants,

Made the following points :—

1. The Probate Court has full jurisdiction over the distribution of estates, both before and after final settlement; and the decree made on the final settlement constitutes no bar, because it was void and illegal for want of notice to Lowry. 3 S. & M. 600; 5 Ib. 604; 8 Ib. 392; 12 Ib. 651; 13 Ib. 133; 1 Cush. 190.

2. If the settlement were valid, the court has still power to make

a decree for distribution. The decree made for distribution, on final settlement, is void, because all the distributees were not made parties. Lowry, not being a party, is not bound thereby. Story Eq. Pl. 236; 13 Pet. R. 14; 1 Danl. Ch. Pr. 340; 2 Ib. 1210. The contrary doctrine held by Judge Thacher, in *Benoit* v. *Brill,* 7 S. & M. 36, is opposed by the cases reported in 2 S. & M. 30; 3 Cushm. 48, 514.

3. But whatever may be the force of the decree for distribution and the final settlement, nevertheless it has been expressly decided by this court, that in cases like this, the Court of Probates has jurisdiction to grant relief, in the case of *Garnis et al.* v. *Smily,* 7 S. & M. 53. In that case, it was also held, that the Chancery Court had no jurisdiction; and if it be now held that the court has none, it will result that the petitioner is deprived of his clear legal right to distribution in the estate of his kinsman, by proceedings in court, of which he had no notice. This would be clearly against the plainest principles of right and justice, and in violation of the Constitution, which declares that no man shall be deprived of his property "but by due course of law."

*D. W. Hurst* and *George L. Porter,* for appellees.

There is but one question involved in this controversy, and that is, had the Probate Court jurisdiction of the matter? We maintain the negative; and, for the purposes of this argument, are willing to concede the fact, that appellant is not bound by the final settlement; nor has he been divested of his interest, if any he had, to the slaves and other personal property, by the order of, and act of distribution; but from the case before us, we will maintain, and we think succeed in showing, that he has mistaken the forum in which he should have sued. It will be borne in mind, that this proceeding is had to compel the administrator to make distribution, &c. In June, 1854, the Probate Court of Franklin county had before it a case of which it had unquestioned jurisdiction of the subject-matter, and also authority over the administrator. Having control over its officer, and full jurisdiction over the trust property, was it not competent for the court to ascertain and decide who, of all the human family, were entitled to receive the property in the

hands of the administrator for distribution; and, after having determined who was entitled to receive the property, then to direct the administrator, and even compel him, if necessary, to deliver it to that person who, in the judgment of the court, under the law, was entitled to it? The court, with a case before it within its jurisdiction, adjudged that M. G. Dovels was the only person interested in the estate of Maxwell, and decreed that the administrator pay to her and her husband the balance found to be due, and also deliver to them all the slaves and other personal property in his possession, as administrator of said Maxwell's estate; which decree of the court, according to its terms, has been by him executed.    This is a special decree, by which the court has relieved the administrator from the responsibility of deciding upon the one to whom he should account. Courts sometimes decree, in cases like this, that the administrators shall pay over to the person legally entitled to receive the property, without intimating who are entitled to it.    In such case, the administrator pays at his peril.    But when he is directed to pay to a particular individual, he then pays not because he desires to do so, but because he is compelled; and being bound to obey, upon the plainest principles of law and justice, he is not responsible.    If there be error, it is the court's, and not his.    And though such a decree will not affect the interest of those who are entitled to the property, as against those who have received it, yet the administrator will be protected, because of having done what was required of him to be done, by a court competent to decide, and possessing the power to enforce its requirements.    As to this appellant, the decree directing McMillan to pay to M. G. Dovels may have been wrong; but the court has lost all power over the matter, and the appellant should seek to hold those, who have the property, responsible, instead of the administrator.    The judgment of a court of competent jurisdiction, is binding upon those over whom it has jurisdiction, until the judgment is reversed.    The rule, in cases like this, is: if the title is decreed from the trustee, in favor of one showing no equity, the *cestui que trust* may assert his claim to the property, but cannot subject the trustee.    See *Cobb* v. *Thompson*, 1 A. K. Marsh. 508; Ib. 378.

There is another view that can be presented, why the court should have held that the pleas to the jurisdiction were well pleaded.    It is

this : suppose the court below, upon the case presented, had decided that it yet retained jurisdiction of the property distributed by its former order. To do that, the court would have to annul its former decree of distribution, after it had been executed, upon a collateral proceeding; that is too monstrous even to suggest. After the former decree of distribution had been annulled, to what means would the court resort to get jurisdiction of the property? The pleas show, that Dovels and wife are holding the property in their own right, and adverse to the claims of all persons. The administrator has been discharged; the court, conceding it now has the power (which we deny), might direct him to take the property; Dovels and wife could successfully defend against him, by force of the very decree of distribution made in their favor. We therefore conclude that the Probate Court has no power whatever to compel another distribution; and nothing else is asked for in the petition. And not having the power to make another distribution of the property, it would be wrong to pronounce an ineffectual decree for that purpose.

The precise point under discussion was considered in Massachusetts, and it was held that the decree of distribution was so far conclusive, as to protect the administrator against the claim of a party omitted. *Loring* v. *Steineman*, 1 Met. 204.

Our statute declares, generally, that any party entitled may petition, and the court shall award distribution. No notice need be given, except to the administrator. Hutch. 665, § 91.

The action of a party, under a judgment or decree, is "compulsory," and he is protected by it. *Barrow* v. *West*, 23 Pick. 272; 4 Cow. 520; 20 Johns. 229; 13 Mass. 153.

The proper court undertook, on the application of one claiming as distributee, to decree, and did decree, distribution; and that decree is executed. Until the court can regain administration of the property, there is nothing to act on; and it is manifest, it could not constrain the administrator to deliver the estate to one, and then to another adverse claimant.

FISHER, J., delivered the opinion of the court.

This was a petition, filed by the appellant in the Probate Court of Franklin county, alleging that he is the next of kin of Thaddeus

J. Maxwell, deceased. That the appellee qualified as administrator on said estate. That he made a pretended final settlement, without giving notice to the petitioner. That the administrator distributed the whole estate to the widow of the deceased, when, under the law, she was only entitled to one-half of the same. The widow and the administrator are made parties to the petition; and the prayer is, that distribution be made according to law.

The defendants pleaded, that the final settlement was made upon due notice to the widow, who was adjudged by the court to be the only party interested in the estate. That the court decreed a distribution of the estate to her; and that the administrator executed this decree, under the order of the court. This plea being set down for hearing, the court adjudged it sufficient to defeat the claim asserted by the petition.

The decree of the court, and other proceedings connected with the final settlement and distribution, are not in the record; and hence, their validity cannot now be adjudicated.

Assuming, as we must do under the record before us, that the decree was not void, the administrator was bound to obey it; and having made distribution to the party entitled under the decree, and been discharged by the court, he is no longer subject to the jurisdiction of the Probate Court. It is not like the case, where the administrator, of his own accord, undertakes to decide who are entitled to the estate, and makes distribution accordingly. He acts in such case at his peril, and must know the parties entitled to the estate. In this case, the court decided the question of right, and ordered the administrator to deliver the estate to the person adjudged to be entitled to the same under the law.

There is nothing to show the invalidity of this decree; and it may be true, that the widow was entitled to a portion of the estate in that character, and to the balance as her husband's next of kin. But, be this as it may, it is a fact adjudicated by a court of competent jurisdiction, and it can only be now inquired into in this collateral proceeding, by showing that the decree is void; and the record not being before us, we cannot decide this question.

Decree affirmed.