SARAH BLACKBOURN *v.* SENATOBIA EDUCATIONAL ASSOCIATION.

RES ADJUDICATA. *Decree. Construction. Widow's year's allowance. Code,* 1892, § 1877.

 If, in a suit by the widow and sole heir of a decedent to have his will adjudged invalid, a consent decree be rendered adjuding the will void as to real estate, but valid as to personalty, and decreeing that the widow be paid a certain sum of the proceeds of the personalty, and that the balance of the personalty be paid by the executor to the legatee, "subject to all proper costs, allowances, and expenses," such decree will bar an application by the widow for a year's support, under code 1892, § 1877.

FROM the chancery court of Tate county.

HON. B. T. KIMBROUGH, Chancellor.

The facts are stated in the opinion.

*W. J. East,* for appellant.

A judgment is conclusive only in matters directly in dispute and actually decided, and in order to prove these matters material, it must appear from the judgment that they were directly

adjudicated.   When a judgment is rendered, it only bars sub-
sequent actions on matters actually settled by it.   It does not
matter if the judgment appears to determine other points; if it
really does not, they are not barred.   Any question incidentally
considered, when irrelevant and not having any direct bearing
upon the issue in the case, are not concluded.   21 Am. & Eng.
Enc. L., 203.   They (the issues), must have been relevant and
pertinent to the case and within the pleadings.   21 Am. & Eng.
Enc. L., 220, top of page.

*G. D. Shands* and *N. A. Taylor*, for appellees.

The position of appellees herein in resistance to the widow's
application for a year's support, summarized, is as follows:

1. That said claim was included and settled in an agreed final
decree in the chancery court rendered, September 5, 1895.

2. That if, for any reason, it should be held that the agreed
decree, which has never been appealed from, nor effort made to
have it reviewed, and if erroneous corrected, is not conclusive
of this claim, then, for a number of other reasons, its re-
jection was proper.   (a) The husband having amply provided,
in his lifetime and out of his estate, for the wife's support,
including the year succeeding his death, and then giving her,
by will, all his exempt personal property, and more than that,
and $200 in money, and declaring therein, in substance, that
"she was amply provided for," and these facts not being dis-
puted, and that he "desired her to receive no more of this
estate," this is not a proper case for such an allowance to be
made.   (b) That if it is a proper case for such allowance, not-
withstanding the provision made by the husband in his lifetime,
for the widow's support, and if the allowance should have been
made to her by the court, or the appraisers, even without her
application therefor, and it was omitted or refused, she should
have objected to the appraisement, and sought its correction or
a new appraisement, before its approval, and before the dis-
charge of the appraisers, who, under the law, were to make it;

or, if not then, certainly before the sale of all the personal property of the estate.

We rest with entire confidence upon our first proposition, that the allowance sought is barred by the former decree.

In reference to our second proposition we will say: A husband, knowing what the law will do with his property after his death, for the wife's support, that appraisers will be appointed to allot her a year's support in provisions or money, he can anticipate such action, or the necessity for it, and, by his own provision for her, meet the virtual requirements of the law, and render action by the appraisers unnecessary. This was done by the will in this case. Am. & Eng. Enc. L., note 2, p. 63, citing *Kersey* v. *Bailey*, 52 Me., 198; *Hollandale* v. *Pixley*, 3 Gray (Mass.), 521; *McManus' estate*, 14 Phila. (Pa.), 660, where it was held that the widow may be barred by express words in her husband's will, and acceptance under it of gifts in place of the exemption. The widow in this case, by delay, waived her right to the year's allowance. *Cook* v. *Sexton*, 29 N. C., 307; *Williams' appeal*, 92 Penn., 71; *Park* v. *Gleason*, 46 Penn. St., 301; *Hubbard* v. *Ward*, 15 N. H., 78; *Chandler* v. *Chandler*, 6 So. Rep., 183 and cases therein cited; 33 Tex., 483; *In re Machemer's estate*, 21 Atl. Rep., 441; *Appeal of Kern's*, 120 Pa. St. Rep., 523; *Vanderroot's appeal*, 43 Pa. St., 462; *Davis' appeal*, 34 Pa. St., 256.

Stockdale, J., delivered the opinion of the court.

A. L. Blackburn died in Tate county, at his home, November 1, 1893, leaving a will giving all his property, real and personal, except some small bequests, to the Senatobia Educational Association. Said will was probated by the chancery court of Tate county, and B. A. Tucker qualified as executor, who, as such executor, returned into court, on the seventeenth of November, 1893, an inventory and appraisement of said estate, which were approved at the March, 1894, term of said court, but a year's support was not set aside to the widow.

On December, 1893, Mrs. Sarah Blackbourn, the widow, and only surviving heir of A. L. Blackbourn, filed her bill or petition in said court, seeking to have the said will declared void. Said cause was numbered 1,188 on the docket of said court. A demurrer being sustained to said petition, and the same dismissed, Mrs. Blackbourn appealed the cause to this court, where the said will was held to be inoperative and invalid as to that part devising real estate to said institution, but valid, and to be upheld, as to the bequest of personalty, and to that extent the decree of the court below was erroneous, and was reversed, the demurrer overruled and the cause remanded. 72 Miss., 735.

When the cause got back to the chancery court of Tate county, the parties to the controversy, represented by their respective solicitors, formulated a decree to be presented to the court, and consented that the same be signed by the chancellor and entered as the judgment of the court, as a consent decree, reciting that the judgment of the supreme court had settled the principles of the controversy and providing and decreeing—

1. That the devise of his lands by A. L. Blackbourn, deceased, to the Senatobia Educational Association is void.

2. That the bequest by said A. L. Blackbourn of his personal property to said Senatobia Educational Association is valid.

The parties admit that the complainant, Sarah Blackbourn, is the sole heir at law of A. L. Blackbourn, deceased, wherefore, by consent of parties, it is ordered, adjudged and decreed as follows:

"1. That the complainant's petition be dismissed as to the personal property of said A. L. Blackbourn, deceased.

"2. That complainant, Sarah Blackbourn, recover all the lands owned by said A. L. Blackbourn at his death, and that the said A. L. Blackbourn died seized and possessed of the following lands, . . . describing them.

"3. That B. A. Tucker, executor of said A. L. Blackbourn, deceased, pay the said Sarah Blackbourn the net rents received by him from said lands for the years 1894 and 1895, which it is

admitted amount to one thousand dollars ($1,000), and for which he will, as executor, be allowed credit in his account and settlement.

"4. That of the avails of the personal effects and money of said decedent the said executor now pay to said Senatobia Educational Association nine thousand dollars ($9,000), and to Mrs. Sarah Blackbourn two hundred dollars ($200), and that the residue of said avails are adjudged to belong to said Senatobia Educational Association, subject to all proper costs and allowances and expenses which may be awarded by the court in due course of administration."

And that each party pay half the cost.

This decree was signed by the chancellor September 4, 1895, which decree is in evidence in this case.

On September 7, 1896, Mrs. Sarah Blackbourn filed her petition, praying for one year's support to be allowed her and set aside to her, estimating the same at $1,000, and objecting to the approval of the final account and discharge of the executor until that is done.

The Senatobia Educational Association answered said petition, alleging that said year's allowance was settled for in the consent decree of September, 1895.

It appears that there were no provisions or other property on hand from which the year's support could be taken when said consent decree was entered, but that the allowance must be in money, if at all. It appears from said consent decree that Mrs. Blackbourn, knowing then that there was only money in the hands of the executor, or belonging to said estate, and that she then consented, and, upon her consent, it was adjudicated, as shown by the terms of said decree, that after paying her $1,200 and the association $9,000, "that the residue of said avails are adjudged to belong to said Senatobia Educational Association." That was a disposition of the whole estate, as we think, except enough to pay costs, allowances, and expenses which may be incurred by the court in due course of administration, al-

lowances, in that connection, evidently meaning allowances of commissions and whatever items that are required to be allowed by the court before payment can be made. The widow's year's allowance, secured to her by the statute, is not such an allowance as will be awarded by the court in due course of administration. Had it been the intention and understanding of the parties that the year's allowance was to be reserved to her, it would have been so provided, and not obscurely dropped in with costs and expenses. So far as the record in the cause shows, the widow herself acquiesced in that view for a year after the decree was rendered, with nothing to restrain her from proceeding in the court if she regarded herself entitled to the year's allowance.

The decree of the court below disallowing the petition of appellant for a year's allowance, and refusing to set aside the same to the said widow, Mrs. Sarah Blackbourn, is

*Affirmed.*