SHEPHERD *v.* TOWNSEND, et al.

No. 42920 April 13, 1964 162 So. 2d 878

384

May 4, 1964 163 So. 2d 746

385

*Johnson, Troutt & Moore,* Senatobia, for appellant.

*A. M. Warwick,* Carthage; *Snow, Covington, Shows & Watts,* Meridian, for appellees.

GILLESPIE, J.

Mrs. Ammie Barnes Thomas, an 86 year old widow, a resident of Leake County, died testate on October 13, 1958. Her will gave her personal estate to her nearest of kin according to the laws of descent and distribution. The will did not name the nearest of kin. The appellee, Mrs. Margie Townsend, was named ex-

ecutrix and she duly qualified, with the appellee, United States Fidelity and Guaranty Company, as surety.

After reducing the personal assets to cash, the executrix filed her final account on May 15, 1959. The executrix stated in her final account the three nearest of kin of the decedent were Robert S. Castle, Mrs. J. B. Garner, residents of Tate County, and Mrs. W. M. Garner, a resident of DeSoto County, first cousins of the decedent. The said first cousins waived process and in the waiver made oath that they were the nearest of kin of the decedent, whereupon no further process was had and on May 25, 1959, the court entered a final decree ordering the net personal estate distributed one-third each to Robert S. Castle, Mrs. J. B. Garner and Mrs. W. M. Garner. Distribution was made accordingly and each received $9,551.38 cash.

This suit was filed by William Garland Shepherd, appellant herein, on March 21, 1962, more than two years after the decree ordering distribution of the estate. He sued Mrs. J. B. Garner, Mrs. W. M. Garner, Mrs. Margie Townsend, the executrix, and the surety on her bond, the United States Fidelity & Guaranty Company. Robert S. Castle died before this suit was filed and his sole heir was made a defendant, but the suit was dismissed as to said heir. It was charged that the complainant, William Garland Shepherd, was a half-uncle of the decedent and her nearest of kin according to the laws of descent and distribution; that the three first cousins to whom the estate was paid fraudulently concealed the fact of complainant's existence from the court and that the appellant was a necessary party to the final account and other proceedings in the administration of said estate, and that all the proceedings in connection with the distribution of said estate were void. The bill of complaint charged negligence and lack of diligence on the part of the executrix in not ascertaining that appellant was the decedent's heir. The original

bill prayed for judgment against all the defendants for the illegal and wrongful distribution of the estate.

The chancellor found that the appellant, William Garland Shepherd, was an uncle of the half-blood of the decedent and her nearest of kin under the laws of descent and distribution, and that the decree approving the final account and directing distribution of the estate was not res judicata as to appellant. Judgment was rendered against Mrs. J. B. Garner and Mrs. W. M. Garner for the amounts received by them. The chancellor found there was no lack of diligence on the part of the executrix or her attorney and that they acted in good faith and with reasonable diligence. He dismissed the bill as to the executrix and her surety. William Garland Shepherd appealed to this Court complaining that the chancellor erred in dismissing the bill as to the executrix and her surety. Appellant, William Garland Shepherd, had no notice, actual or otherwise, of the death of decedent or the distribution of her estate.

This appeal raises two principal questions: (1) Is the decree approving the final account of the executrix and ordering distribution of the personal estate to the wrong persons conclusive? and (2) if not, was the executrix negligent in failing to ascertain that appellant was the next of kin of decedent? Several subsidiary questions are necessarily involved in reaching and disposing of these main propositions.

Appellees devote a considerable part of their brief to the proposition that the decree ordering distribution of the estate was conclusive and not subject to collateral attack.

Code Sec. 639 [1] provides that the final account shall contain a statement under oath "of the names of the heirs or devisees and legatees of the estate, so far as known, . . . . ; the places of residence of each and their

---

[1] All references to Code Sections are according to Miss. Code 1942, Anno.

post-office address if they be nonresidents; or, if the post-office address be unknown, the statement must aver that diligent inquiry has been made to learn the same without avail, . . . ." Code Sec. 640 requires that the final account with the statement of parties shall remain on file subject to inspection of any person interested and summons shall be issued or publication be made for all parties interested, as in other suits in chancery court, to appear at a term of the court not less than one month from the service of the summons or completion of the publication, and show cause, if any they can, why the final account should not be allowed and approved. Code Sec. 646 provides that any person interested may by bill or petition open the account and surcharge and falsify the same at any time within two years after final settlement, and not after. Code Sec. 1270 provides that any person interested in the estate of a deceased person may petition the chancery court of the county of the residence of such deceased person for the purpose of having the heirs at law of such deceased person recognized and decreed to be the heirs at law of said deceased. Code Sec. 1271 provides for summons to those named in the petition who do not join therein. "And in addition thereto a summons by publication shall be made addressed to 'the heirs at law of_____ deceased,' " and shall be published as other publications to absent or unknown defendants. Upon satisfactory evidence a decree shall be entered that the persons named are recognized as the heirs at law of the said deceased. Said Code section then provides: "And said decree shall be evidence in all the courts of law and equity in this state that the persons therein named are the sole heirs at law of the person therein described as their ancestor." Code Sec. 1272 provides that said decree so rendered shall not be assailed collaterally, except for fraud, and shall be binding and conclusive upon all persons cited to appear from the date of its rendition,

and upon all persons whomsoever from and after the expiration of two years from the date on which it was rendered, saving to minors, etc.

The appellee, Mrs. Townsend, as executrix, did not proceed to determine the heirs at law of the decedent by combining the final account with a proceeding provided by Code Sec. 1270, et seq. She undertook to advise the court who the heirs were, took waivers from those persons, and the final decree for distribution followed with summons being served on no one. She did this in good faith on the basis of her belief that those whom she named were in fact the heirs at law entitled to the personal estate.

■■■ A decree directing final distribution of the personal estate made in conformity with law is conclusive as to every matter involved and constitutes a bar to further proceedings concerning the same matter. 21 Am. Jur., Executors and Administrators, Sec. 488; 34 C.J.S., Executors and Administrators, Sec. 904. In order for the decree to be in conformity with law the court must have jurisdiction of the parties and the subject matter. ■■■ In this case the court did not have jurisdiction of appellant who was the only heir at law and a party in interest. Therefore, the decree was not made in conformity with law and was conclusive only as to those persons who were parties thereto. Appellant may collaterally attack the decree. The conclusive effect of the decree provided by Code Section 646 is not available to appellees because the decree was not made in conformity with the applicable statutes. Lowry v. McMillan, 35 Miss. 147, is not controlling. In that case the administrator acted in accordance with a decree the validity of which this Court assumed because the record did not contain the proceedings which resulted in the decree.

In the vast majority of estates the heirs are known and their names and places of residence are stated in

the final account. Waivers are then secured from the heirs so named, or summons is served on them, and a decree is entered approving the final account and ordering distribution. Such decree is conclusive after two years as provided by Code Sec. 646 as to all persons who were parties to the proceeding and those in privity with them.

■■ ■ The general rule is that where an executor or administrator negligently distributes the estate to the wrong persons he may be compelled to pay again to the one rightfully entitled, notwithstanding he made the distribution in good faith and in ignorance of the existence of the person omitted. And reliance on counsel does not relieve him of liability. 34 C.J.S., Executors and Administrators, Sec. 402; Welch v. Flory, (Mass.) 200 N.E. 900, 106 A.L.R. 813.

■■ ■ Code Sec. 639 requires the executor or administrator to include in the final account the names of the heirs or devisees and legatees, and the executor or administrator must use reasonable diligence to ascertain their names and places of residence. The executor or administrator is a trustee for both the creditors and the heirs. 21 Am. Jur., Executors and Administrators, Sec. 8; 33 C.J.S., Executors and Administrators, Sec. 142, p. 1102. The executor could have proceeded to have the court determine the heirs as provided by Code Sec. 1270, et seq., and received the protection of a conclusive decree. ■■ ■ She undertook to name the heirs in the final account and it became her duty to use reasonable diligence in ascertaining the names and places of residence of the heirs.

The decedent, Mrs. Ammie Barnes Thomas, was the daughter of John W. Barnes and Aletha Shepherd Barnes. Since decedent left no husband, nor child, nor descendants of children, nor brother, nor sister, nor parents, nor grandparents, her heirs under the laws of descent and distribution would be uncles and aunts,

if any, otherwise the next of kin as computed by the rules of civil law. Code Secs. 468, 472. There is no distinction between the kindred of the whole and half-blood, except that the kindred of the whole-blood, in equal degree, shall be preferred to the kindred of the half blood in the same degree, Code Sec. 469.

The executrix, through her attorney, made sufficient inquiry concerning the Barnes line and it would serve no purpose to recite the facts concerning the inquiry made as to that side of the family.

The decedent's mother was Aletha Shepherd, the daughter· of Garland Nimrod Shepherd and his first wife, Caroline Shepherd, to which union were born three children: (1) Aletha Shepherd, who married John W. Barnes and they had two daughters, Mrs. Davis who predeceased the testatrix leaving no children, and the decedent; (2) Robert L. Shepherd, who died in 1925 and is said to have three living children in Arkansas; and (3) Fannie Shepherd, who married a Castle; she has been dead for many years and left three children, Robert S. Castle, who has died since distribution of the estate and before this suit was instituted, Mrs. W. M. Garner, one of the defendants, and Mrs. J. B. Garner, one of the defendants.

Garland Nimrod Shepherd was divorced from his first wife Caroline on November 2, 1874. These divorce proceedings are on file in Leake County. After moving to Arkabutla in Tate County, Garland Nimrod Shepherd married Sarah Lee Britt McCann, who died in 1927. Garland Nimrod Shepherd and his wife Sarah had two children, William Garland Shepherd, appellant, who was born at Arkabutla, Mississippi, on October 26, 1887, and Henry Nimrod Shepherd, who died in March 1913, never having married. Garland Nimrod Shepherd died in 1906 and left a will which is on record in Tate County wherein he named as his beneficiary his· wife, Sarah Shepherd, as long as she should remain his widow, with

remainder to his two sons, William G. Shepherd (appellant) and Henry N. Shepherd.

It therefore appears, as found by the chancellor, that William Garland Shepherd, appellant, was a half-brother of the mother of decedent and an uncle of the half-blood of the decedent, and as such, her next of kin under the laws of descent and distribution. There is no contention to the contrary.

The executrix testified that the decedent told her that her first cousins, Robert S. Castle, Mrs. W. M. Garner and Mrs. J. B. Garner, were her next of kin and would receive that part of her estate not specifically given to others. She made no inquiry to determine heirship and left the matter of ascertaining the heirs to her attorney, A. M. Warwick.

Shortly after the death of decedent the will was brought to Attorney Warwick by Mrs. J. B. Garner, her daughter, Mrs. Inez Billingsley, and Boyce Lee Garner, son of Mrs. W. M. Garner. He was told by Boyce Lee Garner that Robert S. Castle, Mrs. W. M. Garner and Mrs. J. B. Garner were the nearest of kin. Attorney Warwick made inquiries of several people concerning the Barnes side of the family of decedent and secured from Mrs. I. A. Chadwick, a first cousin of the half-blood of decedent, an affidavit setting out the Barnes kin in detail. This constituted a sufficient pedigree of the Barnes side of the family starting with decedent's grandparents. Mr. Warwick testified that the people he talked to in order to determine the heirship of decedent were ''probably altogether'' related to decedent on the Barnes side because he did not know any of the Shepherds.

On the question of negligence in not ascertaining that appellant was the sole heir of decedent, the case turns on what the executrix and her attorney failed to do in reference to the Shepherd side of the family.

The only way the executrix or her attorney could have ascertained whether Robert S. Castle, Mrs. W. M. Garner, and Mrs. J. B. Garner were the heirs of decedent would have been to ascend the family tree to the common ancestor of decedent and said cousins, then descend the family tree to determine what descendants of the common ancestor survived decedent. If this had been pursued with reasonable diligence the identity of Garland Nimrod Shepherd would have been established, his will found, and the existence and identity of appellant revealed. No efforts were made to establish a pedigree of the Shepherd side of decedent's family.

The appellant, William Garland Shepherd, was reared at Arkabutla, Tate County, and moved to Memphis in 1920 where he has lived for over twenty years at the same address. He had visited with Mrs. J. B. Garner and she had visited him in Memphis. There is no question but that Mrs. J. B. Garner, Mrs. W. M. Garner, Robert S. Castle, Boyce Lee Garner and Mrs. Inez Billingsley all knew appellant and knew he was a half-uncle of decedent. But neither the executrix nor her attorney asked any of these people about their ancestry or kindred. In effect, their statement that Robert S. Castle, Mrs. W. M. Garner and Mrs. J. B. Garner were first cousins of decedent and her only heirs was accepted without any inquiry designed to find out whether there might be other kin as close or closer than first cousins. It is inconceivable that all of these people would have answered falsely if inquiry had been made of them. It is true that the first cousins did not reveal the existence of appellant, but it is likewise clear from their testimony in this case that Mrs. J. B. Garner and Mrs. Inez Billingsley would have answered truthfully if they had been interrogated about their ancestry. The others would probably have done so.

Reasonable care or ordinary diligence on the part of or on behalf of the executrix would have established

the identity of Garland Nimrod Shepherd, and if his identity had been established, his residence at the time of his death would have been revealed as Tate County. Reasonable pursuit of the inquiry would have resulted in the finding of his will which contains the name of appellant. The failure of the executrix or her attorney to establish the identity of Garland Nimrod Shepherd resulted in their failure to find the record of his divorce, his place of residence at the time of death, and his will.

 █ We hold that neither the executrix nor anyone in her behalf exercised ordinary diligence in ascertaining the heirs of Mrs. Ammie Barnes Thomas. █ As a direct result of this negligence the personal estate was distributed to the wrong persons. The executrix, individually, and the surety on her bond are therefore liable to appellant, William Garland Shepherd, for the sum of $28,654.14 wrongfully distributed, with interest at six percent from May 26, 1959, the date of the wrongful distribution. The liability of the surety is limited to $35,000, the amount of the bond.

The decree is reversed and judgment entered here in favor of William Garland Shepherd against Mrs. Margie Townsend and the surety on her bond.

Reversed and rendered.

*Lee, C. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.

## ON SUGGESTION OF ERROR

Etheridge, J.

Our original opinion stated that the executrix could have asked the chancery court to determine the heirs as provided by Mississippi Code 1942, Rec., sections 1270-1272, and thus she would receive the protection of a conclusive decree. Appellant's suggestion of error argues that these statutes would not have been available to the executrix, since, it is said, they apply only where the person has died "wholly or partially intestate."

This testatrix died leaving a will, which left her personal estate to her nearest of kin according to the laws of descent and distribution. This required the determination of her heirs at law.

■■ Sections 1270-1272 had as their purpose a remedial procedure by which heirs or anyone interested in the property of a deceased could obtain a binding adjudication of the heirs at law of the deceased person. A will which designates as legatees the nearest of kin under the laws of descent and distribution falls within the principal legislative intent of these statutes. Section 1271 must be read along with section 1270, in pari materia. ■■ ■ They grant the court power to decree the identity of heirs at law of a decedent.

■■ ■ Construction of remedial and procedural statutes such as these should harmonize them with the general principles of the system to which they belong and with their dominant purpose. Caperton v. Winston County Fair Assn., 169 Miss. 503, 153 So. 801 (1934). ■■ ■ We think these considerations warrant interpretation of sections 1270-1272 as applying to the situations not only where a person has died wholly or partially intestate, but also where he has left a will devising or bequeathing in part or entirely his estate to his nearest of kin according to the laws of descent and distribution.

Although the foregoing observations are pertinent to that which was decided, application of sections 1270-1272 is not essential to the decision reached, since the executrix made no effort to proceed either under these statutes or under any general equity jurisdiction. The decision that neither the executrix nor anyone in her behalf exercised ordinary diligence in ascertaining the heirs of testatrix was correct on this record. Appellees' argument on that and other points in the suggestion of error are not well taken.

Suggestion of Error overruled.

*Lee, C. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.