247 So.2d 819 (1971)
Henry V. PHELPS, Jr., et al.,
v.
F.W. CLINKSCALES, Allen B. Clinkscales, d/b/a Clinkscales Brothers, et al.
No. 46253.
Supreme Court of Mississippi.
May 3, 1971.
Rehearing Denied May 31, 1971.
*820 John Burns Gee, Vicksburg, for appellants.
Brunini, Everett, Grantham & Quin, G. Gilmore Martin, John C. Wheeless, Jr., Vicksburg, for appellees.
GILLESPIE, Presiding Justice:
F.W. Clinkscales and others (complainants) filed suit in the Chancery Court of Sharkey County against Henry V. Phelps, Jr. and Henry V. Phelps, III, a minor, to remove as a cloud on the complainants' title a quitclaim deed from Henry V. Phelps, Jr. to Henry V. Phelps, III, and for damages for slander of title. The trial court entered a decree cancelling the deed as a cloud on the title of complainants and entered a judgment against the defendant Henry V. Phelps, Jr. for $1,500 as compensable damages for slander of title. Defendants appeal. We affirm.
There is a long history of litigation between Henry V. Phelps, Jr. and the other heirs of Ellen Bodley Vick Phelps Crump, who died November 9, 1958, leaving a will which was referred to in the case of Phelps v. Shropshire, 254 Miss. 777, 183 So.2d 158 (1966).
After the mandate was returned to the trial court following the decision of this Court in the above cited case, a petition was filed by the administrator E.D. Shropshire, for the partition of 580 acres of land owned by Mrs. Crump at the time of her death. The defendant in the present case, Henry V. Phelps, Jr., filed an answer and joined in the prayer for the partition of said lands, and a decree was entered appointing commissioners to partite the land in kind, which decree was consented to and approved by the counselor for defendant, Henry V. Phelps, Jr. The commissioners partited the lands and set aside a share thereof to Henry V. Phelps, Jr., and two other shares to the other heirs of Mrs. Crump, deceased. The commissioners' report was duly confirmed.
About nine months after Henry V. Phelps, Jr. received his share of the lands in the partition suit, he executed and recorded a quitclaim deed to his minor son, Henry V. Phelps, III, purporting to convey all of the lands partited to the other heirs of Mrs. Crump. The complainants then filed the present suit to cancel the deed as a cloud on their title and to recover compensatory damages for slander of title. A decree was entered as heretofore stated.
Several questions are raised in the brief of Henry V. Phelps, Jr. and Henry V. Phelps, III. They contend that Phelps had a claim on the lands by virtue of a tax sale for 1962 and 1963 taxes and for the payment of 1964 taxes. They also contend that certain provisions of the will of Mrs. Crump were not carried out. In our opinion all of these contentions are without merit. Defendant is estopped to make any claim of title whatsoever to the lands involved in the partition and allotted to the other heirs. He joined in the prayer for partition, and he consented to the decree for partition and stated in open court that he was agreeable thereto. The partition decree is conclusive against Henry V. Phelps, Jr., and he is bound thereby. We conclude that the confirmation of title in the complainants was correct, and the only remaining issue requiring discussion is whether *821 the court erred in rendering judgment against H.V. Phelps, Jr. for $1,500 for slander of title.
In Walley v. Hunt, 212 Miss. 294, 54 So.2d 393 (1951), this Court recognized that the malicious filing for record of an instrument which is known to be inoperative, and which disparages the title to land, is a false and malicious statement for which damages may be recovered. The trial court inferred malice from the circumstances under which Henry V. Phelps, Jr. executed and filed for record the quitclaim to his minor son, purporting to convey the lands of complainants, and we hold he was fully justified. The partition decree was an agreed disposition of the disagreements that had existed for many years. The argument that the chancellor was not authorized to infer malice is without merit. In our opinion, the execution of the quitclaim deed and placing it of record was obviously done to disparage the title of complainants and to cloud the title. Malice exists in the mind and usually is not susceptible of direct proof. The law determines malice by external standards; a process of drawing inferences by applying common knowledge and human experience to a person's statements, acts, and the surrounding circumstances.
The proof on the issue of the amount of damages was the testimony of an attorney that a reasonable attorney's fee for bringing the suit was $1,400. The chancellor allowed damages of $1,500. We are of the opinion that the evidence justified the amount of damages.
Finding no reversible error, the decree is affirmed.
Affirmed.
PATTERSON, INZER, ROBERTSON and HARPER, JJ., concur.