375 So.2d 1049 (1979)
Pearl G. THOMAS
v.
Betty Jean Thomas BAILEY and Charles M. Thomas, Individually and as Administrator of the Estate of C. Evans Thomas, Deceased, and as Putative Trustee of Said Estate.
No. 51202.
Supreme Court of Mississippi.
October 10, 1979.
*1051 Gibbes, Graves, Mullins, Bullock & Ferris, C. Denton Gibbes, Jr., Laurel, for appellant.
J. Larry Walters, Laurel, for appellee.
Before PATTERSON, ROBERTSON and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Chancery Court of the Second Judicial District of Jones County, Mississippi.
The relevant facts are as follows: C. Evans Thomas died on October 30, 1976. During his lifetime, he was twice married. He had two children by his first wife, a daughter, Betty Jean Thomas Bailey and a son, Charles M. Thomas, the appellees, both of whom survived him. He also left surviving him his second wife, Pearl G. Thomas, the appellant.
At the time of Mr. Thomas' death, all of the heirs were under the mistaken belief that he owned the commercial property in question in fee simple, and that the heirs would inherit one-third of the property each. Because of this belief, all of the parties mutually agreed that Pearl G. Thomas, the second wife, would convey her believed one-third interest in the commercial property to Charles M. Thomas and Betty Jean Thomas Bailey, reserving unto herself a life estate in the rents and profits therefrom. This arrangement was entered into for the purpose of preventing Pearl G. Thomas' heirs from inheriting her one-third interest in the commercial property upon her death. A deed was executed accordingly on April 11, 1977, and filed for record.
The estate of C. Evans Thomas was opened and administered with Charles M. Thomas as administrator. When the time came to close the estate, all of the parties, Betty Jean Thomas Bailey, Charles M. Thomas and Pearl G. Thomas, executed a sworn petition praying that the estate be closed. In the petition, it was alleged that the commercial property in question was a part of the assets of the estate. A final decree was entered that the decedent died seized of the property in question.
For the next five months, each of the parties received $200.00 per month, which was approximately one-third each, of the net proceeds from the rental. At the end of that time, the payments to Pearl G. Thomas were stopped. Betty Jean Bailey produced a deed which she said had been given to her by her father, and which she had placed in her deposit box and forgotten, because she did not know the legal effect of it. She had shown the deed to Charles M. Thomas approximately two weeks after receiving it and replaced it in the deposit box. The deed had been executed by the deceased on February 11, 1971, and conveyed the commercial property to Betty Jean Bailey and Charles M. Thomas, but retained a life estate therein. The deed had not been filed for record, but there is no question raised about the validity of its execution and delivery.
After a hearing on the merits, the chancellor determined that the deed of February 11, 1971 conveyed a remainder interest in the real property to Charles M. Thomas and Betty Jean Bailey, and upon the death of C. Evans Thomas, title vested in them; that neither the estate nor Pearl G. Thomas had any interest in the real estate; that Betty Jean Bailey and Charles M. Thomas were not estopped to claim an interest adverse to Pearl G. Thomas by their execution of the sworn petition alleging that the property belonged to the estate; and, that Betty Jean Bailey and Charles M. Thomas were mistaken when they filed said petition and accepted a deed from Pearl G. Thomas purporting to convey her interest in the property to them subject to a life estate.
Pearl G. Thomas, the appellant, first assigns as error "The lower court erred in refusing to enforce specific performance of the agreement among the parties as evidenced by the deed executed by appellant to appellees."
In support of this proposition, the appellant cites Hutton v. Hutton, 239 Miss. 217, 119 So.2d 369 (1960), where it is said:

*1052 ... [T]he general rule, in reference to the enforcement of specific performance of contracts, is that `the contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties had met and mutually agreed as to all details upon the offer made upon the one hand, and accepted upon the other. If any of these requisites be lacking, specific performance will not be decreed by a court of equity.' (239 Miss. at 230, 119 So.2d at 374).
Pearl Thomas argues that her deed to Betty Jean and Charles met all of the above requirements. She also points out that the deed was executed by her at the suggestion and request of the appellee, Charles Thomas, and that the appellee, Betty Jean Thomas Bailey, encouraged execution of it, and that they accepted the deed and filed it for record.
Assuming arguendo that the deed constituted a contract between the parties, there could have been no meeting of the minds of the parties resulting in a mutual agreement, when all of the parties were acting under the mutually erroneous belief that the commercial property was a part of the assets of the estate when, in fact, it was not.[1] In the absence of some other compelling reason, Mrs. Pearl G. Thomas may not, as a result of her attempted benevolence, in deeding what she thought was her one-third interest in the commercial property to Charles and Betty Jean, successfully claim ownership to what she would have reserved  a life estate in the rents and profits of the commercial property  when she had no interest in the property to convey or reserve. Mrs. Pearl G. Thomas had no interest in the property since it had been conveyed to Charles and Betty Jean by the deceased prior to his death, and consequently she could not reserve any rights therein.
The appellant next contends that "The lower court erred in refusing to enforce the agreement of the parties as to settlement of the estate."
In support of this contention, the appellant cites Strong v. Cowsen, 197 Miss. 282, 19 So.2d 813 (1944), which stands, in part, for the proposition that compromises, having for their object the settlement of family difficulties or controversies, are favored at law and in equity, if at all reasonable, and that the termination of such controversies are considered a valid and sufficient consideration for the agreement, and the court will go further to sustain it than it would under ordinary circumstances. However, in this case, there had not been any controversy between the parties over individual rights nor was there any dispute or any adversary litigation over their rights either prior to or at the time of the execution of the deed by Mrs. Pearl Thomas to Charles and Betty Jean. In short, there was no family settlement or compromise to be enforced.
The appellant next argues that "The lower court erred in failing to find that appellees were estopped, legally, equitably and judicially from asserting that appellant was not their cotenant."
In order to establish equitable estoppel, a party must show a change of position in reliance upon the conduct of another and detriment caused thereby. Birmingham v. Conger, 222 So.2d 388 (Miss. 1969). In the case sub judice, there was no change in position by the appellant in reliance upon appellees' conduct nor has the appellant suffered any detriment or injury.
On the other hand, judicial estoppel does not require evidence of reliance and injury, as does equitable estoppel, and is based on expedition of litigation between the same parties by requiring orderliness and regularity in pleadings. Great Southern Box Co. v. Barrett, 231 Miss. 101, 94 So.2d 912 (1957). It arises from the taking of a position by a party to a suit that is inconsistent with a position previously asserted *1053 in prior litigation. Banes v. Thompson, 352 So.2d 812 (Miss. 1977); Wright v. Jackson Municipal Airport Authority, 300 So.2d 805 (Miss. 1974); Sullivan v. McCallum, 231 So.2d 801 (Miss. 1970).
In this regard, the appellant argues that the appellees, by executing a sworn petition in which they alleged that the property in question belonged to the estate, should be judicially estopped from denying appellant's interest in the real property.
In the cases in which this Court has invoked the doctrine of judicial estoppel, the party against whom the estoppel was sought, knowingly, with full knowledge of the facts, asserted a position which was inconsistent with a position in prior judicial proceedings.
The case of Phelps v. Clinkscales, 247 So.2d 819 (Miss. 1971), relied upon by the appellant, is factually distinguishable from the instant case. Phelps involved inconsistent statements made in several adversary proceedings and was just one of many suits in a long history of litigation between the parties. Additionally, the position assumed by Phelps (the party against whom the estoppel was sought) in the prior legal action, was not taken as a result of a material mistake of fact. In the present case, the prior averments were made because of the mutual mistake as to a fact which all believed to exist, and was in a non-adversary proceeding. This Court has refused to apply judicial estoppel where the averments in the first proceeding were the result of ignorance of a material fact. State v. Gardner, 236 Miss. 768, 112 So.2d 362 (1959). In that case, Gardner brought an action to cancel a forfeited tax land patent from the state in which she attacked the legality of the tax sale to the state. Prior to that action, without knowledge that the tax sale was void, the complainant had brought suit to perfect her title by filing a bill of validation of the tax sale against the state. The Court held that the complainant did not knowingly assume an inconsistent position in seeming to have the state patent validated, and the later position questioning the validity of the tax sale, because she knew nothing about the validity of the tax sale at the time the earlier proceedings were filed. The complainant was, therefore, not judicially estopped to challenge the tax sales' validity.
Judicial estoppel should not be invoked where the position first assumed was taken as a result of mistake. To estop a party by allegations or admissions in pleadings in a former action, it is necessary that the issues be the same and that the allegations or admissions should have been material to the matter adjudicated in the former action. Also, there must have been a determination of the former action, and there can be no estoppel where the admissions or statements were made through mistake or without full knowledge. First National Bank of Mobile v. Burch, 237 Ala. 680, 188 So. 859 (1939).
It has been held that when the party making the prior statement, which is inconsistent with his position in the present action, has not benefited by the assertion, the doctrine should not be applied. McFry v. Stewart, 219 Ala. 216, 121 So. 517 (1929).
Finally, the doctrine is inapplicable unless the parties were adverse in the original proceedings. Pinell v. Roppo, 134 Wash. 158, 234 P. 1035 (1925).
Considering the foregoing, it is apparent that the doctrine of judicial estoppel is inapplicable to the case sub judice for the following reasons: First, the appellees executed the inconsistent statement in the estate proceedings as a result of a mistake; second, the appellees did not benefit nor was the appellant injured by such assertions; and, third, the parties were not adverse in the estate proceedings, since all of the parties joined therein. It is apparent that the chancellor correctly determined that judicial estoppel was inapplicable in the present case.
The appellant next contends "The lower court erred in refusing to grant appellant relief under the principle of equitable election."
We have carefully considered this assignment and find it to be without merit.
*1054 The appellant further assigns as error that "Appellant was entitled to a widow's allowance as a matter of law." The appellant correctly points out that under Mississippi Code Annotated section 91-7-135 (1972), appellant was entitled to a widow's allowance as a matter of right upon proof of her dependency upon her deceased husband. This right is paramount, even against a judgment creditor of a deceased husband, and whether the estate is solvent or insolvent. See First National Bank of Commerce v. Donald, 112 Miss. 681, 73 So. 723 (1917). Further, there is no limitation of time within which the allowance must be requested or granted so long as there has not been a final order for the distribution of assets and a final decree closing the estate. See Rush v. Rush, 360 So.2d 1240 (Miss. 1978).
In Shepherd v. Townsend, 249 Miss. 383, 162 So.2d 878 (1964), it was held that:
A decree directing final distribution of the personal estate made in conformity with law is conclusive as to every matter involved and constitutes a bar to further proceedings concerning the same matter. (249 Miss. at 391, 162 So.2d at 880-881).
In Blackbourn v. Senatobia Educational Association, 74 Miss. 852, 21 So. 798 (1897), the complainant, deceased's widow, entered into a consent decree which distributed the deceased's property pursuant to an agreement between the parties in controversy. She did not seek a widow's allowance during the probate proceeding. Approximately one year after a final decree was entered, the complainant filed a petition seeking a widow's allowance. The Court held that the consent decree was a disposition of the whole estate, except for administration expenses, and that the complainant should have sought her statutory allowance prior to the closing of the estate.
The appellant, Mrs. Pearl G. Thomas, did not make a motion for or in any other manner make it known to the court before the estate was finally closed that she wanted a widow's allowance set aside to her.
Appellees argue that it is too late for appellant either to ask for or to be granted a widow's allowance. In reply to this contention, the appellant, Mrs. Pearl G. Thomas, in her reply brief said: "As a practical matter, we must concede that they are probably right. There is no way to undo what has been done and to start the administration anew." There is no suggestion that fraud was involved in Mrs. Thomas' not claiming her right to a widow's allowance while the estate was open and that she has waived her right thereto.
We are therefore constrained to hold that her petition for a widow's allowance now comes too late. For the foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] v. Higgins, 338 So.2d 1233 (Miss. 1976); Nabours v. Cocke, 24 Miss. 44 (1852); 17 C.J.S. Contracts § 144 (1963).