592 So.2d 998 (1991)
Keith Ivy JOHNSON, Individually, By and Through Mississippi Protection and Advocacy System, Roy C. Ivy in His Fiduciary Capacity as Guardian of Keith Ivy Johnson and Roy C. Ivy, Individually
v.
Hildred HOWELL, Oleta Senter, Lemois Johnson, Beatrice Stephens, Vera Johnson, Vester Johnson, Wiley Lester Johnson, Dr. Dwight A. Johnson, Dr. Charles D. Johnson and Alton Johnson.
No. 89-CA-0321.
Supreme Court of Mississippi.
December 31, 1991.
*999 David R. Sparks, Sparks Wicker & Colburn, Tupelo, Shirley Payne, Horn & Payne, Jackson, for appellants.
Thomas A. Pritchard, Tupelo, for appellees.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
This appeal involves two separate and conflicting Itawamba County Chancery Court decrees each of which adjudicated the intestate distribution of Dalton Johnson's estate. While the family tragedy which led to this case makes it all too clear that intestate statutes are imperfect tools for determining how a decedent would have distributed his property had he been able to divine the future, the laws of this State, as well as the principle of res judicata, require that after a matter has been litigated and finally adjudged the parties and their privies are bound by the final judgment, and further litigation is precluded.
The first decree was entered on April 1, 1980, and it provided the property of Dalton Johnson descended to his only child, Keith Ivy Johnson. The second decree was entered on August 31st 1988, and it provided that the property which had passed under the previous decree had been held "in the nature of a trust," and should be distributed to the Appellees. The Appellees or their predecessor in interest were original petitioners bringing the first action, and no appeal was taken from the 1980 decree.
Feeling aggrieved by the 1988 decree, Keith's guardian ad litem, the Mississippi Protection and Advocacy System, appeals asserting six assignments of error:

1. Since there was an adjudication that Keith Ivy Johnson did inherit from his parent's estate, by Judgment entered April 7, 1980, that Judgment is final and res judicata as to any claims of competing heirs raised a decade or more out of time.

2. A finding by a jury that Keith Ivy Johnson was not competent to stand trial, his civil commitment, the appointment of a Guardian of his person and his estate, and the dismissal of the two criminal indictments against him due to his mental incompetency, preclude a finding of willfulness such as to bar his inheritance pursuant to Section 91-10-25 Miss. Code Ann. (1972).
3. The Judgment against Keith Ivy Johnson entered August 31, is void for lack of service of process over the ward Keith Ivy Johnson.
4. Since the Guardian's Notice of Appeal was filed out of time, and after the Guardian had confessed the issues in this case and filed his Petition to Disburse the Assets of the Estate of Keith Ivy Johnson, the Guardian's failure of fiduciary duty removes any binding affect of his actions on behalf of the ward, Keith Ivy Johnson.
5. The failure of State officials, including the Administrators of the Mississippi State Hospital at Whitfield, Mississippi, to preserve their claims against the estate of Keith Ivy Johnson will forever bar their assertion of those claims.
6. The claims against the assets of the estate of Keith Ivy Johnson are barred by statute of limitations and laches.
The guardian of Keith's estate and person, Roy C. Ivy, also appeals asserting an additional two assignments of error:
1. The trial court erred in not dismissing the claim of Appellees under the doctrine of laches and/or the appropriate statute of limitations.
2. The trial Court erred in finding that Keith Ivy Johnson willfully killed his parents and is thereby precluded from inheriting from them.

We find the action brought by the Appellees which led to the August 31st 1988 decree was barred both by MISS. CODE ANN. 91-1-31 (1972)  which prohibits collateral attacks upon validly entered decrees ordering distributions of intestate estates  as well as the principle of res judicata, and because the claim is barred, it is not necessary for us to address the other *1000 issues raised in this appeal. Accordingly, the August 31st 1988 decree is reversed and rendered, and in effect, the decree of April 1st 1980 is reinstated.

The Facts
Allegedly, on the evening of May 29th 1977, Keith Ivy Johnson (Keith) became inexplicably and irrationally displeased with his parents and decided to kill them, so he drove to his parents' home in Itawamba County, purchasing a pistol along the way, where on May 30th he fatally shot his father, Dalton Johnson (Dalton), and his mother Lorene Ivy Johnson (Lorene). The authorities found Dalton shot three times lying in a reclining chair, and an eyewitness saw Keith shoot Lorene five times in the back as she ran screaming from the house. Though mortally wounded, Dalton survived Lorene for a short time, and both husband and wife died intestate. Keith was their only child. Although Keith was indicted for the murders, he was found to be incompetent to stand trial, and was committed to the Mississippi State Hospital where he is currently a patient undergoing treatment for paranoid schizophrenia.
On October 5th 1977, the Itawamba County Chancery Court was petitioned to probate the estate of Dalton Johnson who, in the short time he survived his wife, inherited all of the property she had possessed; this petition was brought by the people who are either Appellees or the person from whom the Appellees' interests derive in the case sub judice. (Alvia Johnson, one of the original petitioners, has died and was succeeded in interest by Dr. Dwight A. Johnson and Dr. Charles D. Johnson who are both Appellees to the present action.) On January 18th 1980, the administrator of the estate filed a petition to close the estate and discharge the administrator; this petition stated there was a question as to whether Keith could inherit, as MISS. CODE ANN. § 91-1-25 (1972) prohibited slayers from inheriting from their victims;[1] further, the petition named the Appellees, or their predecessor in interest, as the persons who would inherit if Keith was found to be precluded from inheriting. The Chancery Court ordered process to issue over these persons, and except for Alvia Johnson, from whom two of the Appellees' interests derive, all of the Appellees entered waivers of process. On April 1st 1980, the Chancery Court entered a decree which did not expressly discuss the question raised by MISS. CODE ANN. § 91-1-25 (1972), but nevertheless closed the estate and directed the administrator to distribute the entire estate to Roy C. Ivy, as the guardian of Keith Ivy Johnson. No appeal was taken from this decree.
Over eight years later, on July 1st 1988, the Appellees filed a complaint in the Itawamba County Chancery Court praying that the funds which had been distributed to Roy C. Ivy under the 1980 decree were "wrongfully inherited" because Keith wilfully caused Dalton's death, and that these funds should be distributed as if Keith had never been born. On August 31st 1988, the Chancery Court decreed that MISS. CODE ANN. § 91-1-25 (1972) prohibited Keith from inheriting from Dalton because he had caused his father's death, and the property that had been held by Roy C. Ivy as Keith's guardian should be distributed to the Appellees.

ANALYSIS

I.
MISS. CODE ANN. § 91-1-27 (1972) provides that persons with interests in property passing intestate may petition a Chancery Court with proper jurisdiction for a determination of heirship. MISS. CODE ANN. § 91-1-29 (1972) provides the means for citing heirs who have an interest in intestate estates to appear in a Chancery Court. MISS. CODE ANN. § 91-1-31 (1972) provides that "[a] decree so rendered as provided in section 91-1-29 shall not be assailed collaterally, except for fraud, and *1001 shall be binding and conclusive upon all persons cited to appear from the date of its rendition, and upon all persons whomsoever from and after the expiration of two years from the date on which the same was rendered... ."[2]
We have found the meaning of these statutes to be clear, in that when the notice provisions of the statutes are followed, a Chancery Court decree is binding as to the persons cited to appear from the date it is rendered, and such a decree is conclusive as to the rights of all others following the expiration of two years from its rendition. Matter of Heirship of McLeod, 506 So.2d 289, 291 (Miss. 1987); Shephard v. Townsend, 249 Miss. 383, 391-392, 162 So.2d 878 (1964) (construing the predecessor to the present Code section, MISS. CODE ANN. § 1272 (1942)). See also, Lowry v. McMillan, 35 Miss. 147, 152 (1858).
In the case sub judice, the Appellees or their predecessor in interest were original petitioners to the action leading to the 1980 decree; further, upon being petitioned to determine heirship and terminate the estate, the Chancery Court ordered process to issue over the Appellees or their predecessor in interest, and with the exception of Alvia Johnson, from whom two of the Appellees interest derive, the Appellees waived service of process. Under these facts, we find the 1980 decree was a final adjudication and binding from the date of its rendition as to the rights of the Appellees who were cited to appear and waived process. Concerning the two Appellees whose interests derive from Alvia Johnson, Dr. Dwight A. Johnson and Dr. Charles D. Johnson, we note that Alvia Johnson submitted to the Chancery Court's jurisdiction by being one of the original petitioners and that he was properly cited to appear in the determination of heirship. Under these facts, the interests that derive from Alvia Johnson's rights to Dalton's estate were finally adjudicated and bound by the 1980 decree.

II.
Res judicata is an affirmative defense that ordinarily must be pled under MRCP 8(c) to preserve the point for appellate review. Wholey v. Cal-Maine Foods, Inc., 530 So.2d 136, 138 (Miss. 1988). See also, State ex rel. Moore v. Molpus, 578 So.2d 624, 640-641 (Miss. 1991) (failure to timely assert collateral estoppel waives the issue for appeal). In the case sub judice, res judicata was not pled as a defense in the action leading to the 1988 decree, and this failure would ordinarily waive the issue. However, this case involves a non compos party, Keith, who lacks the mental capacity to understand the legal proceedings that determine his right to Dalton's estate, and while we have not heretofore encountered the exact situation presented in the case sub judice  where a non compos party failed to plead res judicata  we have consistently found that an incompetent person does not waive affirmative defenses by failing to assert them in a timely manner, as equity acts to protect those who cannot protect themselves. McGlaston v. Cook, 576 So.2d 1268, 1269 (Miss. 1991) (laches cannot be asserted against a child); Baker by Williams v. Williams, 503 So.2d 249, 254-255 (Miss. 1987) (laches is inapplicable to a paternity action); Natural Father v. United Meth. Child. Home, 418 So.2d 807, 809 (1982) (minor's failure to raise due process issue at trial did not waive the issue upon appeal); Knight v. Moore, 396 So.2d 31, 34 (Miss. 1981) (mental incompetent's guardian's failure to raise the defenses of laches, estoppel and statute of limitations did not waive the defenses for appellate consideration). Further, this principle is echoed in Griffith's treatise on chancery practice, which states "[a]n infant or non compos defendant, however, is not to be prejudiced by any failure to set up defenses, nor by any admissions in his answer." V.A. Griffith, Mississippi Chancery Practice § 360 (2nd ed. 1950). Accordingly, we find the failure of Keith's guardian to raise the defense of res judicata *1002 at the trial level does not waive the issue for appellate review.
We have stated the rule of res judicata as, "[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised in that action." Walton v. Bourgeois, 512 So.2d 698, 701 (Miss. 1987) (citing Dunaway v. W.H. Hopper and Associates, Inc., 422 So.2d 749, 751 (Miss. 1982)). See also, Estate of Smiley, 530 So.2d 18, 23 (Miss. 1988); Estate of Stutts v. Stutts, 529 So.2d 177, 180 (Miss. 1988); Mississippi Employment Security Commission v. Georgia-Pacific Corp., 394 So.2d 299, 301 (Miss. 1981); Cowan v. Gulf City Fisheries, Inc., 381 So.2d 158, 162 (Miss. 1980); Standard Oil Co. v. Howell, 360 So.2d 1200, 1202 (Miss. 1978). Thus, res judicata applies to bar an action where the parties or their privies have previously litigated a legal claim to a final judgment. Further, where res judicata lies, it bars litigation in the second action "of all grounds for, or defenses to, recovery that were available to the parties regardless of whether they were asserted or determined in the prior proceeding." Dunaway at 751 (quoting Key v. Wise, 629 F.2d 1049, 1063 (5th Cir.1980) reh. denied, 645 F.2d 72 (5th Cir.1981), cert. denied, 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981) (quoting Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).
Res judicata applies in the case sub judice because both the action leading to the 1980 decree and the action leading to the 1988 decree concerned identical claims, that is the interest in Dalton's estate, and both of the actions involved the same parties or persons standing in privity to the parties. Further, the 1980 decree was dispositive of the issue of whether Keith could inherit under MISS. CODE ANN. 91-1-25 (1972) because res judicata bars all claims and defenses available in a prior action regardless of whether they were actually determined. Therefore, under res judicata the action which led to the 1988 decree was barred by the 1980 decree.

III.
Keith's guardian ad litem asserts that claims by the Mississippi State Hospital against Keith's estate, in the form of medical bills, should be barred because the Hospital did not join the present action. We note that the subject matter of the action leading to the 1988 decree was whether Keith was prohibited from taking intestate under MISS. CODE ANN. § 91-1-25 (1972), while any claims the Hospital may have arise in a completely different legal context, namely whether MISS. CODE ANN. § 41-7-79 (1991 Supp.) authorizes the Hospital to assess charges to the estates of patients. Further, for a person or entity to be bound by a final adjudication, the person or entity must have been a party to the action. Mabry v. Howington, 569 So.2d 1165, 1166-67 (Miss. 1990); Mosby v. Gandy, 375 So.2d 1024, 1027-28 (Miss. 1979); State Farm Fire and Casualty Co. v. Wightwick, 320 So.2d 373, 375 (Miss. 1975). Because the Mississippi State Hospital was not a party to the present action, we make no finding as to the merits of any potential claims it may assert against Keith's estate.

IV.
In conclusion, we find the 1980 decree was binding as to the Appellees' rights to Dalton's estate under MISS. CODE ANN. § 91-1-31 (1972), and as there was an identity of parties and claims in both the 1980 and 1988 actions, res judicata barred the Appellees' claims. Therefore, we reverse and render the 1988 decree entered by the Itawamba County Chancery Court.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] MISS. CODE ANN. § 91-1-25 (1972) provides:

If any person wilfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other; but the same shall descend as if the person so causing or procuring the death had never been in being.
[2] These two Code sections, MISS. CODE ANN. §§ 91-1-29 and 91-1-31, were amended during the 1991 Mississippi Legislative Session; however, these amendments made no substantive changes that would affect our holding in the case sub judice were they to apply.