Gardner, et al. *v.* State of Mississippi, et al.

No. 41636 December 19, 1960 125 So. 2d 730

*Swep S. Taylor, Jr., W. B. Fontaine,* Jackson; *John K. Keyes,* Collins, for appellants.

*James A. Alexander, Jr.,* Jackson; *O. B. Triplett, Jr.,* Forest, for appellees.

LEE, J.

This case is a sequel to Gardner, et al v. State of Mississippi, et al, 235 Miss. 119, 108 So. 2d 592, and State of Mississippi, et al v. Gardner, et al, 236 Miss. 768, 112 So. 2d 362.

In those cases, the appellants had sought to recover the mineral interest of their predecessor, D. A. Wilkinson, who had told the same to Robert York. They charged that, by reason of the judgment which was obtained by York on November 5, 1945, in the federal court against Wilkinson in the total amount of $2,500, a rescission of the contract had been effected and that the title had been revested in Wilkinson. They mentioned the judgment and showed that it then aggregated $4,263.25. They did not expressly impose any condition in the matter, but paid the amount of the judgment into the registry of the court. The appellees replied that the tender had

no legal effect upon the issue in the case, set forth their reasons for that position, and asked for distribution to themselves of five-sixths of the amount tendered.

This Court, in the two cases mentioned above, held that the fraud and deceit action filed by Robert York against D. A. Wilkinson, out of which the judgment in question arose, did not constitute a rescission of the mineral conveyances there in controversy, but that the title thereto remained in Robert York and was not revested by operation of law into D. A. Wilkinson. In other words, the judgment was awarded for the wilful misrepresentation and fraud which Wilkinson perpetrated upon York in selling him 100 acres of minerals when he in fact had only 60 acres. Thus York was entitled both to the minerals actually conveyed and to the payment of the judgment, which fixed the damages for the minerals which were not obtained.

The appellants, having lost in both cases, asked the court to transfer to them the money which they had paid into the court. The appellees contended that five-sixths of that amount belonged to them and that they were entitled to have the same paid to them. The chancellor decided the matter in accordance with the contention of the appellees. From the decree entered thereon, the appellants brought the case here.

In Baker v. Building & Loan Assn. of Jackson, 168 Miss. 808, 152 So. 288, there was a dispute between the parties as to the amount then due and owing. Baker, in his bill to enjoin the foreclosure of the deed of trust which evidenced the debt, tendered the amount which he claimed to be due. The trial court awarded appellee a decree for the amount tendered. The opinion said: "The general rule is that he who tenders into court money parts with the title thereto, and that the money so tendered becomes the property of the party to whom it is tendered"; and it was held that the trial court properly applied the general rule. However in that case,

Baker was a debtor of the appellee and admittedly owed the amount which he tendered. The announcement in this case was in accord with 52 Am. Jur., Tender, Section 45, pages 246-7.

But, in the present case, there was no relation of debtor and creditor existing between the appellants and the appellees. While the appellants did not say so in their pleading, evidently they were laboring under the impression that the restoration of the status quo of the parties was necessary for a rescission of the contract, and that, since they were seeking an adjudication, that a rescission had been accomplished, they were under the duty to restore, or offer to restore, the consideration which had been received under the contract. Cf. 17 C. J. S., Contracts, Sections 438-9, pages 919-21.

The right of the tenderer, where affirmative relief is sought, is set forth in 52 Am. Jur., Tender, Section 47, page 248, as follows: ''Where Affirmative Relief is Sought. Withdrawal is permissible where money is paid into court by a tendered who is not acting defensively but deposits the money as a prerequisite to the enforcement of a right; title to money so deposited is not transferred to the other party, and the court may permit it to be withdrawn. Thus, where money is paid into court by a debtor who is seeking affirmative relief, to the obtaining of which it is prerequisite that he tender to his adversary an amount due the latter, the title to such deposit does not pass to the other party, and the depositor may be permitted to withdraw it.''

One thing is sure: No litigant, in his right mind, is going to walk up to the bar and knowingly tender $4,-263.25 in payment of another man's judgment, especially when he is under no obligation whatever to do so, and when such judgment has been long since barred by the statute of limitation. If he does such a thing, it is evidently because he feels that the exigencies of the situation require it. Of course he should impose the condi-

tions of his tender because failure to do so may be fought with grave consequences.

But the appellants were seeking to recover the title to mineral rights. Thus the actions sought to obtain affirmative relief. The appellants made a mistake in failing to plead expressly the conditional nature of their tender. It would be a travesty of justice to require these appellants to pay this substantial sum of money to satisfy a judgment for a debt that they do not owe and which, besides, was long since barred by the statute of limitations, when the justification for such requirement rests upon a mere slip in the pleadings. The court must look to the substance and not permit a gross injustice to a litigant through the operation of a mere technicality. See Griffith's Miss. Chancery Practice, 2nd Ed., Sec. 39, pages 41-2 as follows: ''Equity looks to the intent, and will regard substance rather than form. —Under this maxim, throughout the whole of the substantive law, equity deals with a matter according to its actual substance, and regards mere form as of a secondary consideration. It pierces through the shell of a thing to what is within: it does not suffer itself to be circumvented by formal devices. And so, in procedure, it will not permit a mere technicality to conceal the real position of the parties, nor any mere form to divert the action of the court away from the actual merits of the cause. Mere appearances and external form will be put aside and the real relations of the parties will be ascertained and examined: no form will avail if the substance is wanting, and the form will be disregarded if the substance exists. This is not to be taken, however, as any declaration that essential rules of procedure may be disregarded. It means only that rules, when they do not go to the substantial rights of one of the parties, in a given situation, are not to be allowed to subvert, to mere technical form, the actual right of another.'' See also Dogan, Sheriff, et al v. Cooley, 184

Miss. 106, 185 So. 783; Oliver v. Board of Supervisors, et al, 211 Miss. 447, 51 So. 2d 766.

It developed that Wilkinson, subsequent to his conveyance to York, obtained title to ten acres, which was embraced in his deed but which he did not own at the time of the conveyance. Since this inured to the benefit of the appellees, they expressed a willingness to forego any right which they had to one-sixth of the amount in the registry of the court. But, from what has been said, the court is of the opinion that they are not entitled to any of this money.

The court should have granted the relief prayed for in the appellants' petition and permitted them to withdraw their tender in the amount of the judgment. Consequently the decree of the trial court is reversed and a decree will be entered here for the appellants to the effect that they have the right and shall be permitted to withdraw the amount of money which they paid into the registry of the court.

Reversed and decree here for the appellants.

*McGehee, C.J.*, and *Kyle, Arrington* and *McElroy, JJ.*, concur.