266 So.2d 581 (1972)
Cecil E. BARNETT
v.
GETTY OIL COMPANY et al.
No. 46682.
Supreme Court of Mississippi.
June 5, 1972.
Rehearing Denied October 2, 1972.
*582 Boyd, Holifield & Harper, Laurel, for appellant.
Wells, Gerald, Brand, Watters & Cox, Scott P. Hemleben, Jackson, for appellees.
BRADY, Justice:
This is an appeal from the Chancery Court of Clarke County, Mississippi, wherein the chancellor dismissed the original bill of complaint filed by the appellant, Cecil E. Barnett, with prejudice. From that adverse decree the appellant prosecutes this appeal.
The record reveals that the mineral interests in controversy are located in the S 1/2 of the NW 1/4 of Section 17, Township 1 North, Range 15 East. The record clearly establishes that J.D. Haynes executed an oil, gas and mineral lease to the lands in controversy to Roger A. Mateer on July 23, 1958. This lease was given for a primary term of ten years and expired under its own terms on July 23, 1968. This lease was assigned to Southwest Gas Producing Company, Inc.
It is evident from the record that J.D. Haynes conveyed to the appellant an undivided *583 one-sixteenth interest in the minerals under the land in controversy. The appellant sent a draft and a Mineral Right and Royalty Transfer Form R-101 to J.D. Haynes' residence in Texas. This instrument was executed on July 10, 1968, and appellant had it filed for record on July 16, 1968.
On October 31, 1968, an Oil, Gas and Mineral Lease was recorded on behalf of Getty Oil Company. This lease covered the S 1/4 of the NW 1/4, Section 17, Township 1 North, Range 15 East, and other lands, and was dated May 27, 1968. This lease was for a primary term of three years. In addition, this lease was to commence on July 23, 1968. The appellant testified that he checked the records in the office of the Chancery Clerk of Clarke County, Mississippi, and found that the property was subject only to an oil, gas and mineral lease (the one of July 1958), and that this lease was about to expire. The appellant paid to Mr. Haynes the sum of $2,500, amounting to $500 per mineral acre, for Mr. Haynes' undivided one-sixteenth interest in the minerals. The appellant, Mr. Barnett, testified that at the time he purchased the one-sixteenth mineral interest he had received no notice of any kind of any oil, gas and mineral lease executed by Mr. Haynes to Getty Oil Company under the date of May 27, 1968.
He asserts that from and after July 16, 1968, he was recognized, accepted and participated as the owner of an unleased or working one-sixteenth mineral interest in the B. Harper 17-5 No. 1 well, of which Getty Oil Company was the operator. The appellant testified that he was treated as an owner of a working interest as contrasted to a royalty interest until July 24, 1969, approximately eight months after said well had been brought in as a producer of oil, and almost a year after the filing of his mineral conveyance from Mr. Haynes. This was corroborated by the appellees' witness, C.D. Chapman, who testified that he had been a landman for Getty Oil Company, employed in the New Orleans, Louisiana office, from 1965 until July 1969. This witness testified that when the oil, gas and mineral lease executed by Haynes to Getty Oil Company came into his possession he mislaid it and failed to have it recorded. When it was brought to his attention that the mineral deed from Haynes to the appellant was on record, then this witness testified he concluded that the appellant was the owner of an unleased mineral interest in the said lands. Mr. Chapman contacted the appellant for Getty Oil Company and requested that the appellant participate in the well as the owner of a working interest. However, Mr. Chapman was not an attorney and he testified that he did not consult any attorney for Getty Oil Company concerning his failure to record the lease from Mr. Haynes to Getty Oil Company. Mr. Chapman testified that he had received the lease from a Mr. Robert Knellinger, an independent petroleum landman and a commissioner broker, who testified that he handled the transaction involving the procuring of a lease from Mr. Haynes to Getty Oil Company. Robert Knellinger testified that he obtained the description from the previous lease of July 23, 1958, and positively asserted that it was his intention to copy the same description, which would have been the S 1/2 of the NW 1/4 instead of the S 1/4 of the NW 1/4.
After the well was completed and all conveyances were examined by title attorneys in preparation of division orders, the appellant was advised by letter on July 24, 1969, that he was considered the owner of a royalty interest. The appellant thereupon filed suit on November 12, 1970. Subsequent to the filing of this suit Getty Oil Company obtained a "corrected lease" which was acknowledged on January 6, 1971, and filed for record on January 14, 1971.
After a full and complete hearing, the chancellor took the cause under advisement and requested briefs to be submitted by the parties. After studying the briefs, the chancellor entered a final decree dismissing *584 appellant's bill of complaint with prejudice. From that decree, the appellant appeals, assigning the following as error:
I
The court erred in failing to grant any relief to appellant under the undisputed facts in the case although relief was mandatory under any theory of the case.
II
The court erred in failing to adjudicate appellant to be the owner of an unleased mineral or working interest consisting of an undivided one-sixteenth (1/16th) interest in and to all of the oil, gas and other minerals contained in the lands in controversy.
III
The court erred in failing to adjudicate appellant to be the owner of an unleased mineral or working interest in the North Half of the South Half of the Northwest Quarter of Section 17, Township 1 North, Range 15 East, Clarke County, Mississippi.
IV
The court erred in admitting parol evidence to vary the terms of the oil, gas and mineral lease from J.D. Haynes to Getty Oil Company dated May 27, 1968, filed for record October 31, 1968, no ambiguity appearing on the face of the recorded instrument.
V
Getty Oil Company and its assigns are estopped to deny appellant's ownership of an unleased one-sixteenth (1/16th) mineral interest (working interest) and the court erred in admitting parol evidence as to that which transpired with reference to said lands within the corporate structure of Getty Oil Company.
VI
The court erred in overruling appellant's motion to exclude all instruments shown as Exhibit 4 to appellees' answer, which instruments were not offered in evidence and cannot be considered as proof in this record.
Appellant urges in support of his first error assigned that the only controversy between the parties is whether or not the mineral interest owned by the appellant is (1) an unleased mineral interest, (2) a combination unleased mineral interest and royalty interest, or (3) whether said interest is wholly a royalty interest. The appellant submits that under any theory of the case he was entitled to some relief as prayed for in the bill of complaint. The appellant contends that the record discloses that the well had been in production almost three years at the time of the trial of this case and that the appellees have wholly failed, neglected and refused to pay over any monies, either as a working interest, a partial unleased working interest and partial royalty interest, or as a royalty interest. The proof discloses without contradiction, and appellees concede, that the appellant was entitled to an accounting and receipt of the proceeds attributable to the royalty interest under any theory of the case.
In support of his second error assigned, the appellant contends that there was absolutely no testimony offered to show notice on the part of the appellant as to the existence of any alleged oil, gas and mineral lease executed by Haynes except the lease dated July 23, 1958, which lease expired under its own terms on July 23, 1968. The appellant contends that the undisputed proof reflects that the appellant is a bona fide purchaser for value without notice of the oil, gas and mineral lease from Haynes to Getty Oil Company and is entitled to the protection afforded by Mississippi Code 1942 Annotated sections 867, 868 and 869 (1956). It is the contention of the appellant here, and it was the contention of the appellant in the trial court, that the oil, gas and mineral lease executed by Haynes to Getty Oil Company, which was filed for record on October 31, 1968, was a "top *585 lease" and was not a valid and subsisting oil, gas and mineral lease at the time of the filing for record of the mineral conveyance from Haynes to the appellant. The appellant asserts that the case of Gulf Refining Company v. Harrison, 201 Miss. 294, 28 So.2d 221, 30 So.2d 44, sugg. of error overruled 201 Miss. 294, 30 So.2d 807 (1947) is an entirely different factual situation from that at bar and the appellant does not consider such case as throwing any light on the present controversy.
From time to time exceptional briefs are filed by counsel representing litigants in causes appealed to this Court, and in the case at bar this is certainly true. Counsel representing both the appellant and appellees are to be commended for their splendid briefs and their hard fight and the dedicated efforts which were made in the Court here and in the court below.
The Gulf case, supra, is most important to the decision of this case. The appellant takes the position that he should be protected by the registry statutes but this Court in the Gulf case dealt with the same question and concluded that these sections are inapplicable when the grantee (the appellant in this case) accepts a conveyance which is expressly made subject to any valid and subsisting lease or leases. The Gulf case is relevant in that the mineral conveyance used in that case was a form R-101 "Mineral Right and Royalty Transfer" instrument containing exactly the same clause as exists in the instrument from Haynes to the appellant. The fact that the appellant in the case at bar did not have actual notice is not essential as shown by this Court's ruling in Gulf, supra:
[W]e deem it unnecessary to discuss the facts relating to the contention last mentioned as to whether or not Walker had actual notice of the appellant's lease from Taylor when Walker obtained his conveyance from Taylor on October 11, 1943, for the reason that if the appellant's lease of October 8, 1943, was valid and subsisting on the said October 11, 1943 ... the rights of the appellees are, as a matter of contract, subordinate to the said lease of the appellant ... (201 Miss. at 327, 30 So.2d at 47.)
Appellant contends that the lease executed on May 27, 1968, by Haynes to Getty Oil Company was not a valid and subsisting oil, gas and mineral lease at the time of the filing for record of the mineral conveyance from Haynes to the appellant. This contention is without merit. Whether you consider the lease a present grant of a future interest or otherwise, the fact that the primary term was not to commence until a date in the future does not alter the fact that the said lease was valid, subsisting and in effect according to its terms from the moment of its execution on May 27, 1968. Miss.Code 1942 Ann. § 831 (1956).
The appellant chose his own mineral deed and sent it to the grantor Haynes, and, if he had desired, the appellant could have made his mineral acquisition subject to only valid and subsisting leases of record. The failure of the appellant to draft the instrument to make his acquired interest subject to only recorded leases, as he now contends, is totally one of his own doing and he is now bound by the established law of this state pertaining to the enforcement of rights in accordance with the written agreement which he selected.
We will next consider appellant's errors three and four together. The appellant argues that the mineral lease from Haynes to Getty Oil Company described a portion of the property in dispute as the south quarter of the northwest quarter (S 1/4 of NW 1/4) of Section 17, Township 1 North, Range 15 East; that this lease was clear and unambiguous and that the chancellor was in error in allowing any proof as to the intentions of the parties to said instrument since the instrument should speak for itself. The appellant's position in this case is that even if the lease from Haynes to Getty Oil Company was a valid and subsisting lease, the registry statutes are applicable *586 and the Court must therefore accord to the appellant the protections of said statutes as a bona fide purchaser for value without notice of said mineral interest covering the north half of the south half of the northwest quarter (N 1/2 of the S 1/2 of the NW 1/4) of said Section 17. The appellant submits that the only evidence offered was the self-serving statements of the employees of Getty Oil Company which were nothing more or less than an effort to vary the terms of an instrument which was plain and unambiguous on its face. The appellant points out that the appellees took the position that the coverall clause in the said lease was sufficient to cover the south half (S 1/2) as well as the north half of the southwest quarter (N 1/2 of SW 1/4) of said Section 17. However, the appellant urges that this Court in the case of Continental Oil Company v. Walker, 238 Miss. 21, 117 So.2d 333 (1960), stated that such clauses are not looked upon with favor by the courts and that the purpose of said clauses is to cover only irregular or omitted strips of land. The appellant argues that this is not the situation in the case at bar. The appellant urges there is no proof in the record as to the intentions of the lessor, J.D. Haynes, and the only evidence offered by the appellees in this case to show intent was that of Getty Oil Company's personnel.
Where the intentions of the parties to an instrument appear clear and unambiguous from the instrument itself, the court should look solely to the instrument and give same effect as written. If, however, a careful reading of the instrument reveals it to be less than clear, definite, explicit, harmonious in all its provisions, and free from ambiguity throughout, the court is obligated to pursue the intent of the parties, and, to determine the intent, must resort to extrinsic aid.
The trial court had before it a lease which specifically described only two hundred acres, but recited that it covered two hundred and forty acres and contained a "coverall" clause. Under these circumstances the conflict between the acreage recital of two hundred and forty acres and the description of only two hundred acres had rendered the instrument ambiguous on its face. The trial court accordingly correctly permitted evidence which conclusively showed that it was the intention of the parties to said lease that the lease cover the property described in the earlier lease of July 23, 1958, but through a scrivener's error the subject land was specifically described as the south one-fourth of northwest one-fourth (S 1/4 of NW 1/4) of said Section 17 instead of the south one-half of the northwest one-fourth (S 1/2 of NW 1/4) of said Section 17. The case of Continental Oil Company v. Walker, supra, is not contrary to the above mentioned rule of law as the appellant argues. In that case this Court expressly recognized the importance of the acreage recital in construing an oil, gas and mineral lease containing a "coverall" clause, as follows:
A clear statement of the meaning of the cover-all clause in an oil and gas lease appears in an article written by Jack H. Ewing in the May 1947 issue of the Mississippi Law Journal, wherein it is said: "In an oil and gas lease there is always a recital that the leased premises contain a certain number of acres more or less. This recital of quantity is the basis for determining the amount of annual delay rental and is often the basis for determining fractional mineral and royalty interests. It would, therefore, seem to be the intention of the parties for the instrument to cover approximately the number of acres set out therein... ." (238 Miss. at 35, 117 So.2d at 338).
Therefore, there was no error in permitting evidence as to the intent of the parties. Gulf Refining Co. v. Harrison, supra.
In support of his fifth error assigned, appellant urges that the conduct of certain employees of Getty Oil Company in considering the appellant as the owner of an unleased mineral interest, or a working interest, by forwarding to the appellant numerous documents and authorizations for expenditures *587 of the proposed costs necessary to drill and complete the well in question, estops Getty Oil Company from now denying the appellant's working interest in the well in question. Appellant insists that under all the circumstances disclosed in the record relating to the act of Getty Oil Company in relation to the appellant, it would be a gross injustice to permit Getty Oil Company to prevail in this cause. The employee of Getty Oil Company who was charged with the duty of maintaining the appellees' leases on the subject lands erroneously concluded, without consulting the title attorneys of the company, that the lease of May 27, 1968, being unrecorded, was invalid as against the appellant. The employees of Getty Oil Company, due to this error, for several months thereafter, and until the company's attorneys discovered the mistake, believed the appellant to have a working interest rather than a royalty interest, and forwarded various documents to him such as authorization for expenditures, commonly known as "AFE".
The record reflects that when Getty Oil Company ascertained that the errors had been committed, it immediately took steps to rectify them and therefore it is not estopped. As the case reflects and as is customary, the appellee, Getty Oil Company, never sent any division order out until after the well had been brought in and after title attorneys had thoroughly explored the chain of title to all lands involved in B. Harper 17-5 No. 1. When the title had been run and checked by appellees' attorneys then they informed the appellant that under the laws of this state he did not have a one-sixteenth mineral interest but that he was only a royalty owner. In order for a representation to be the basis of an estoppel it must amount to a representation of material facts as opposed to a representation made as to a matter of law. See Deposit Guar. Nat'l Bank of Jackson v. Prudential Ins. Co. of America, 195 So.2d 506 (Miss. 1967); State v. Gardner, 236 Miss. 768, 112 So.2d 362 (1959); Meyerkort v. Warrington, 19 So.2d 433 (Miss. 1944), opinion withdrawn on other grounds 198 Miss. 29, 20 So.2d 708 (1945); Mississippi Power & Light Co. v. Pitts, 181 Miss. 344, 179 So. 363 (1938). Evidence, of course, is admissible in any cause where estoppel is alleged to show that the representation complained of was a representation honestly made as to a matter of law.
Since the representations involved issues of law, estoppel does not apply. We hold that where, as in the case at bar, the parties were equally informed as to the essential facts or where the means of knowledge were equally open to them, the courts will not give effect to estoppel. The appellees, therefore, are not estopped from asserting their rights under the lease of May 27, 1968, and the chancellor was not in error in this regard.
The sixth error assigned by the appellant, if it be error, is not reversible error. The rights of the parties in this cause do not depend on whether the May 27, 1968 lease was a renewal lease or not.
For the foregoing reasons, we affirm the trial court's decree holding that appellant's mineral interest was subject to the Getty Oil Company lease dated May 27, 1968, and remand for an accounting of the royalties to which appellant is entitled. Inasmuch as the bill of complaint concluded with the general prayer, we hold that the general prayer is sufficient for this Court to consider the royalties due the appellant under the Getty Oil Company lease.
Affirmed in part, reversed in part and remanded for an accounting.
RODGERS, P.J., and JONES, SMITH and SUGG, JJ., concur.