**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-60446

(Summary Calendar)

_____

JOHN G HOWE,

Plaintiff - Appellant,

versus

FLEXIBLE FLYER ACQUISITION CORP,

Defendant - Appellee.

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 1:99-CV-223-SA

January 25, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

John Howe appeals the district court's grant of summary judgment to his employer, Flexible

Flyer Acquisition Corp., on the basis that Flexible Flyer's termination of Howe's employment did not

fall within the meaning of the term "company-forced termination" as used in his employment contract,

[*]    Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

such that Flexible Flyer was not obligated to pay Howe a year's salary of $100,000. We affirm.

John Howe is an engineer who was employed by Flexible Flyer in 1997 as part of the company's expansion into manufacturing fitness equipment. Howe was hired following a series of telephone conversations in which the parties discussed, among other things, the need for Howe to relocate from his home in Chicago to the company's headquarters in Mississippi, and Howe's concerns that the new venture into fitness equipment might fail, leaving him without work and his family uprooted in Mississippi. Following these telephone negotiations, Flexible Flyer sent Howe a letter detailing the "key terms" of his employment. Included in this letter was a clause that provided: "[y]ou will receive a 2 year contract which provides for a 1 year pay-out upon Company forced termination within the two year period." Despite the implication of the letter that a more formal employment contract would follow, the parties never signed any other contract, leaving the letter as the only documentation representing the terms of employment.

Howe began working for Flexible Flyer in 1998, but throughout his tenure maintained his residence in Chicago. The company several times expressed its dissatisfaction with Howe's refusal to move to Mississippi, as well as his occasional failure to keep the agreed-upon hours of Monday-Friday, 8 a.m.- 5 p.m. The discontent culminated in a meeting between the company CEO and Howe in 1999, in which Howe angrily cursed out the CEO.[1] Howe was terminated the following day.

---

[1] As Howe testified at his deposition:
Well, to the best of my recollection, I had gone in there and I was very upset, and I told him that regarding the discussion we had that I would come in when I wanted to come in, and if he didn't f__ing like it, that he could fire me. You know, words were thrown in there such as if you don't like it, you can f__ing fire me. And I started turning around, I believe, walking out, and he said something along the lines, well, it's not going to be that simple, I want you to go down to HR and document what you just said. And I said, I'm not signing anything. This exchange went on. And in that exchange, I said I was sick and tired of his bull__, and I think I called him an a__hole. I'm trying to remember what else was said in that

-2-

Howe then filed suit seeking to enforce the payout provision of the 1998 letter. Flexible Flyer removed the case to federal district court on the basis of diversity of citizenship, and both parties consented to have a Magistrate Judge conduct all proceedings and issue a final judgment. *See* 28 U.S.C. § 636(c). Both parties moved for summary judgment. For purposes of summary judgment, neither party disputed that the 1998 letter constituted a contract. The court found that (1) the contract letter was ambiguous, so that parol evidence was admissible to determine the meaning of its terms; (2) Howe did not materially breach the contract, either because his relocation to Mississippi was not an essential term of the agreement or because Flexible Flyer waived that requirement; and (3) "company forced termination" did not mean Howe was entitled to a one-year payout upon termination under any circumstances, and he was not entitled to the payout under these circumstances. We review the court's grant of summary judgment *de novo*. *See Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).

Howe argues on appeal that the court was correct that he did not materially breach the contract, but incorrect that the contract letter was ambiguous, so that he should receive the $100,000 payout because the company forced his termination. We hold first that the district court was correct that the contract is ambiguous. Under Mississippi law,

> Where the intentions of the parties to an instrument appear clear and unambiguous from the instrument itself, the court should look solely to the instrument and give same effect as written. If, however, a careful reading of the instrument reveals it to be less than clear, definite, explicit, harmonious in all its provisions, and free from ambiguity throughout, the court is obligated to pursue the intent of the parties, and to determine the intent, must resort to extrinsic aid.

*Century 21 Deep South Properties, Ltd. v. Keys*, 652 So.2d 707, 716-17 (Miss. 1995) (quoting

---

conversation....And I said, that's because you got your head buried so far up your a__ you can't see anything....

*Barnett v. Getty Oil Co.*, 266 So.2d 581, 586 (Miss. 1972). Howe asserts that the last term of the letter) ) stating that Howe "will receive a 2 year contract which provides for a 1 year pay-out upon Company forced termination within the 2 year period") ) is unambiguous and requires a payout upon his termination by Flexible Flyer under any circumstances. We disagree. It is unclear from the face of the contract whether the modifiers "company forced" mean that Howe is entitled to the payout anytime he forced to leave his position by the company (as he argues), or whether the term means that the company has been forced for some external reason to terminate his employment (as in a lay-off). *See Frazier v. Northeast Miss. Shopping Ctr., Inc*, 458 So.2d 1051, 1054 (Miss. 1984) ("In the absence of the two parties who signed [the contract] informing us precisely what was meant, the most enlightened argument from here to the millennium would never remove the cloud cast by the words."); *see also Universal Underwriters Ins. Co. v. Buddy Jones Ford, Lincoln-Mercury, Inc.*, 734 So.2d 173, 176 (Miss. 1999) (a contract is ambiguous if a term is susceptible to more than one reasonable meaning); Keith A. Rowley, *Contract Construction and Interpretation: From the "Four Corners" to Parol Evidence (and Everything In Between)*, 69 Miss. L.J. 73, 90-91 (1999) (same). Both meanings to the term "company forced termination" are reasonable, such that the district court was correct in examining parol evidence.

We also agree with the court that disputed payout clause was intended by the parties to apply only where Howe was terminated due to Flexible Flyer's failure as a business or its decision to discontinue its efforts to develop fitness equipment. All of the extrinsic evidence presented supports such an interpretation: an affidavit by the company president to that effect, Howe's deposition testimony that in order for him to consider taking the job he required protection against termination under these conditions, and Howe's deposition testimony that the only concern he explicitly voiced

to Flexible Flyer was the concern that the business would fail. Mississippi law does not require courts to adopt a construction which "no man in his right mind would have agreed to" unless the terms requiring such are free of doubt. *Frazier v. Northeast Miss. Shopping Ctr., Inc.,* 458 So.2d 1051, 1054 (Miss. 1984). Here it would be unreasonable to assume that Flexible Flyer would have intended for the contract to provide Howe with a $100,000 payout upon termination under any circumstances. We therefore agree with the district court that the circumstances leading to the inclusion of the payout provision in Howe's employment contract support the interpretation that "company forced termination" means only termination as a result of business failure or a decision to discontinue efforts to sell fitness equipment.

We accordingly affirm the grant of summary judgment to Flexible Flyer. We do not reach the additional issue decided by the district court of whether Howe materially breached the contract, as Flexible Flyer is entitled to summary judgment on the grounds that Howe cannot prevail on his claim that he is entitled to the $100,000 payout.

AFFIRMED.