# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00043-SCT

*EDDIE ROBINSON AND PAMELA TURNER*

*v.*

*H. GERALD HOSEMANN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2003 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | J. LAWSON HESTER |
| ATTORNEY FOR APPELLEE: | DENNIS L. HORN |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 05/26/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.      This matter is before the Court on the Petition for Extraordinary Writ of Mandamus and/or for Writ of Prohibition or Other Relief filed by Eddie Robinson and Pamela Turner on December 30, 2003 along with a direct appeal.   The petition for writ of mandamus was originally filed with this Court in Cause No. 2003-M-2795.   The Honorable William F. Coleman, Special Circuit Court Judge for Warren County, Mississippi, on January 14, 2004, filed a response to the petition for extraordinary relief filed by Robinson and Turner.   On January 22, 2004, this Court passed the petition for consideration with the merits of appeal.   Accordingly, the Petition for Extraordinary Writ of Mandamus and/or for Writ of Prohibition

or Other Relief was filed with the appeal on the merits in Cause No. 2004-CA-00043. The substance of the appeal and the substance of the petition filed by Robinson and Turner are the same. Therefore, the petition for Extraordinary Writ of Mandamus and/or Writ of Prohibition or Other Relief is disposed of by this opinion.

**FACTS**

¶2. On August 12, 2002, Hosemann filed suit against Robinson and Turner in the Circuit Court of Warren County.[1] Robinson and Turner were adult citizens of Hinds County, Mississippi, and employed as deputies with the Hinds County Sheriff's Department. Neither the Hinds County Sheriff's Department nor any other state agency were named as a defendant in the complaint. Hosemann sought actual damages in the amount of $925,000, and punitive damages in the amount of $1,750,000, and attorney's fees. The complaint made no reference to the Mississippi Torts Claims Act (MTCA). Nothing was submitted to indicate any compliance with the notice requirements under the MTCA.

¶3. Robinson and Turner filed a Motion to Dismiss or in the Alternative for More Definite Statement and for Additional Time to Serve Answer and Defenses. In the motion to dismiss or for a more definite statement, Robinson and Turner argued that they were both employees of the Hinds County Sheriff's Department being sued for actions taken in their capacities as deputy sheriffs. Therefore, they claim that "Miss. Code Ann. § § 11-46-5 (2) and 11-46-7 (2), the Mississippi Tort Claims [A]ct [,] provides the exclusive remedy and sole procedural vehicle through which either... may be sued." Robinson and Turner also argue that if the action is

---

[1] While Paul Kelly Loyacono, Kathryn Loyacono, Travis T. Vance, Jr., Charles Mitchell and the Vicksburg Printing & Publishing Company d/b/a the Vicksburg Post were also named in the complaint, only Robinson and Turner are involved in this appeal.

against them in their capacities as Hinds County deputy sheriffs, then venue is improper in Warren County under Miss. Code Ann. § 11-46-13 (2) which requires venue to be in the county or judicial district in which the principal offices of the governing body of the political subdivision is located. In this case, that would be Hinds County, Mississippi. They further assert that they are "entitled to immunities provided by Miss. Code Ann. Sections 11-46-5, 11-46-7, 11-46-9, and others."

¶4. Hosemann filed a Response in Opposition to Motion to Dismiss or in the Alternative for More Definite Statement and for Additional Time to Serve Answer and Defenses. Hosemann specifically stated that "[o]n August 12, 2002, Plaintiff filed his civil action against Hinds County Deputies Pamela Turner and Eddie Robinson, alleging their false arrest, malicious prosecution, libel and slander, actions outside the Mississippi Tort Claims Act." The response further provided:

> Actions for libel, slander and other acts constituting criminal behavior are excluded from the Mississippi Tort Claims Act.
> The venue of the Mississippi Tort Claims Act is inapplicable to this civil action filed for libel, slander, false arrest, and malicious prosecution.
> The Mississippi Tort Claims Act, being inapplicable to the alleged conduct of the Defendants Turner and Robinson does not overcome the presumption of notice pleading.

¶5. Robinson and Turner filed an amended motion to transfer venue from Warren County to Hinds County. They argued that venue should be transferred under M.R.C.P. 12 (b)(3) and Miss. Code Ann. § 11-46-13. Hosemann filed a response in opposition to the amended motion to transfer venue. Hosemann again stated that the instant civil action against Robinson and Turner alleged acts excluded from being under the MTCA. Hosemann further stated that the domicile of the Hinds County Board of Supervisors is irrelevant to determining venue.

3

¶6. On May 5, 2003, Hosemann filed a First Amended Complaint. In his original complaint, Hosemann did not address the MTCA or make any reference to a claim that falls under the MTCA. In the amended complaint, Hosemann clarified his allegations and specifically addressed the MTCA and his claim for punitive damages. Hosemann stated:

> Actions of all defendants in all counts were done willfully, maliciously, and in reckless disregard to the right of the Plaintiff not to be falsely arrested and imprisoned and not to be slandered, libeled, and not to be subjected to malicious prosecution, abuse of process, and intentional infliction of emotional distress justifying an award of punitive damages.

Therefore, Hosemann asserted that the "conduct of public employees defendants Pamela Turner and Eddie Robinson" constituted conduct outside the MTCA.

¶7. Even though the Plaintiff specifically stated that the MTCA was inapplicable and that the actions of Robinson and Turner were outside the scope of employment, the trial court deferred ruling on the motion to transfer venue on the claims that are subject to MTCA and stayed all proceedings on any MTCA claims until after trial in Warren County on the non-MTCA claims.

¶8. Trial was set in the Circuit Court of Warren County and held in October 2003. Robinson received a M.R.C.P. 50 directed verdict at the close of the Plaintiff's case-in-chief. The jury returned a verdict in favor of Turner, and the trial court entered its judgment based on the jury's verdict.

¶9. Hosemann filed an Amended Motion for Judgment Notwithstanding the Verdict (JNOV) and/or for a New Trial contesting Robinson's directed verdict and the judgment in favor of Turner. Robinson and Turner responded to Hosemann's motion for JNOV and/or for New Trial.

The trial court denied Hosemann's motion for JNOV and/or for New Trial. The trial court entered a final judgment in favor of Robinson and Turner as provided by M.R.C.P. 54 (b).

¶10. The point of controversy on appeal and in the petition for writ of mandamus and/or writ of prohibition is that the trial court then stated in the same order that "[t]he Court hereby sets for non-jury trial any of Plaintiff's remaining alleged Mississippi Torts Claims Act claims against Pamela Turner and Eddie Robinson in the Circuit Court of the First Judicial District of Hinds County." The Plaintiff did not allege any MTCA claims. When the Defendants, Robinson and Turner, attempted to raise application of the MTCA in the first trial, Hosemann opposed it, asserting that the MTCA was not applicable.

¶11. Robinson and Turner contend that the non-jury trial is barred by the doctrines of res judicata, collateral estoppel and judicial estoppel based on the final judgment entered by the trial court in favor of Robinson and Turner. They further claim that allowing the second trial on the unasserted claims under the MTCA results in the Plaintiff engaging in claim splitting. Alternatively, Robinson and Turner also argue that the one year statute of limitations under Miss. Code Ann. § 11-46-11(3) has long since expired as Hosemann never commenced any action against Hinds County, Mississippi, or the Hinds County Sheriff's Department.

**DISCUSSION**

¶12. Robinson and Turner contend that res judicata operates to bar multiplicity of litigation. Robinson and Turner submit that the trial court erred in allowing setting trial on MTCA claims when Hosemann specifically did not pursue any MTCA claims, instead suing them for actions taken outside the scope of their employment and seeking punitive damages. Hosemann clearly stated that the MTCA was inapplicable to the proceedings. Based on the trial court's order,

5

Hosemann now is given the opportunity to switch arguments and make a claim against Robinson and Turner under the MTCA. In ***Johnson v. Howell***, 592 So.2d 998, 1002 (Miss. 1991), this Court explained the application of the doctrine of res judicata, stating:

> We have stated the rule of *res judicata* as, "[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or *could have been raised in that action*." ***Walton v. Bourgeois***, 512 So.2d 698, 701 (Miss. 1987) (citing ***Dunaway v. W. H. Hopper and Associates, Inc.***, 422 So.2d 749, 751 (Miss. 1982)).

(emphasis added).

¶13. In ***Estate of Anderson v. Deposit Guaranty National Bank***, 674 So.2d 1254, 1256 (Miss. 1996), this Court state the four identities that must be present for the doctrine of res judicata to apply:

> (1) identity of the subject matter, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality or character of a person against whom a complaint is made. ***Aetna Casualty and Surety Co. v. Berry***, 669 So.2d 56, 66-67 (Miss. 1996); ***Dunaway v. W.H. Hopper & Assocs.***, 422 So.2d 749, 751 (Miss. 1982).

¶14. Here, the facts clearly prove that the four identities which must be present before res judicata will be applied to bar an action were met.

¶15. Therefore, since the non-jury trial on MTCA claims is barred by the doctrine of res judicata, there is no need for the Court to address the other assignments of error raised by Robinson and Turner.

## CONCLUSION

¶16. We find that the judgment of the Warren County Circuit Court to set Hosemann's alleged Mississippi Torts Claim Act claims for non-jury trial against Turner and Robinson should be reversed and rendered in favor of Turner and Robinson. The trial court's decision to

6

set MTCA claims for a non-jury trial is barred by the doctrine of res judicata. The holding of this opinion further disposes of Turner and Robinson's Petition for Extraordinary Writ of Mandamus and /or for Writ of Prohibition or Other Relief.

¶17. **REVERSED AND RENDERED; PETITION FOR EXTRAORDINARY RELIEF AND/OR WRIT OF PROHIBITION IS DENIED**.

**SMITH, C.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. WALLER AND COBB, P.JJ., CONCUR IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**