ISHEE, J.,
for the Court:
¶ 1. In November 2011, Bruce Chambers purchased a mobile home from a mobile-home-sales company in Carthage, Mississippi. After making a down payment, Chambers executed a retail-installment and security agreement (the agreement) with Clayton Bank & Trust Company for the remainder of the home’s purchase price, using the home as collateral. In October 2012, Clayton filed a complaint in the Leake County Circuit Court stating that Chambers was in default of his payments under the agreement, and sought replevin in the form of the home. Chambers answered the complaint and filed a motion to dismiss. The motion was denied, and Clayton’s request for replevin was granted. The circuit court gave Chambers fourteen days to post a bond for a stay of execution. Chambers failed to do so, and the home was returned to Clayton. Chambers filed the instant appeal. He raised the same issues he filed in his appeal in a complaint filed in the United States District Court for the Southern District of Mississippi. The district court denied Chambers’s requests for relief and ordered that he submit his claims to arbitration. Chambers appeals on claims that the circuit court erred by granting replevin and by failing to consider federal laws and regulations he claims are applicable to Clayton. Because the issues raised are now moot, we dismiss this appeal.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On November 5, 2011, Chambers purchased the mobile home in Carthage. Chambers made a down payment of $7,500 and paid for the remainder of the home through the agreement with Clayton. The terms of the agreement dictated that Chambers would make monthly installment payments to Clayton. The agreement also stated that if Chambers failed to make the requisite payments, Clayton would take possession of the home by means of replevin.
¶3. In October 2012, Clayton filed a complaint in the circuit court asserting that Chambers was in default under the agreement and seeking replevin. Therein, Clayton requested that the circuit court grant it the right to take possession of the home and order Chambers to pay the remainder of the loan amount after the home was disposed. Chambers answered the complaint and filed a motion to dismiss.
¶ 4. The circuit court denied the motion to dismiss and granted Clayton’s request for replevin. In its final judgment issued in December 2012, the circuit court ordered that the home be seized immediately and delivered to Clayton. Chambers petitioned the circuit court for a new hearing. The motion was denied. However, the circuit court granted Chambers a stay of execution if he posted a $51,000 bond with *1232 in fourteen days of the order. Chambers failed to post the bond, and, subsequently, the home was delivered to Clayton.
¶ 5. Chambers filed an appeal in January 2018. A month later he filed a complaint in the district court asserting the same issues he now appeals. He also sought injunctive relief from the district court. The district court denied Chambers’s request for injunctive relief and ordered him to submit the remainder of his claims to arbitration. We now assess Chambers’s instant appeal.
DISCUSSION
¶ 6. Chambers asserts that the circuit court erred by granting Clayton’s re-plevin request and by failing to consider applicable federal law. However, Clayton argues that Chambers’s issues are moot due to the district court’s final judgment on the matter ordering Chambers to submit his issues to arbitration. We agree.
¶ 7. Chambers’s issues on appeal are almost identical to those he presented to the district court in his complaint filed in February 2013. The district court considered Chambers’s claims, including his assertions that several federal statutes apply to the circumstances, and issued a final judgment ordering him to resolve the matters through arbitration. “[A] final judgment on the merits of an action precludes the parties and their privies from relitigat-ing claims that were or could have been raised in that action.” Robinson v. Hosemann, 918 So.2d 668, 671 (¶ 12) (Miss.2005) (quoting Johnson v. Howell, 592 So.2d 998,1002 (Miss.1991)). As such, any question regarding the grant of replevin or the applicability of federal law to Chambers’s case must now arise through an appeal of the district court’s order and not through the circuit court.
¶ 8. Furthermore, as an aside, Clayton correctly notes that our supreme court has held that “[cjases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot.” Fails v. Jefferson Davis Cnty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss.2012). “A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Id. Here, Clayton has already received the mobile home and has disposed of the mobile home, leaving the issues at hand moot. The replevin action could not be reversed and the parties returned to their original states at this point even if an appellate court deemed it so. Therefore, we dismiss this appeal as moot.
¶ 9. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.